**Michael A. LIETHEN, Plaintiff,**

v.

**Lewis B. HERSHEY, as National Director of the Selective Service System; Dane County Local Board No. 13, Madison, Wisconsin; Outagamie County Local Board No. 53, Appleton, Wisconsin; Colonel Bentley Courtenay, as the Wisconsin State Director of the Selective Service System; and Their Agents, Assistants, Successors, Employees, Attorneys, and All Persons Acting in Concert or Cooperation With Them, Defendants.**

**No. 69–C–43.**

United States District Court
W. D. Wisconsin.

March 18, 1969.

---

6. See Goldstein v. Weisman, 185 F.Supp. 242 (S.D.N.Y.1960); Fuller v. American Machine & Foundry Co., 91 F.Supp. 710 (S.D.N.Y.1950).

Sander N. Karp, Madison, Wis., for plaintiff.

Edmund A. Nix, U. S. Atty., Madison, Wis., for defendants.

### TEMPORARY RESTRAINING ORDER

JAMES E. DOYLE, District Judge.

This action was commenced by the filing of a complaint March 11, 1969. Simultaneously with the filing of his complaint, plaintiff moved for a temporary restraining order. An order to show cause was entered March 11, 1969, requiring defendants to show cause March 18, 1969, why the motion for a temporary restraining order should not be granted. Service of the complaint, the motion for a temporary restraining order together with plaintiff's supporting affidavit, and the order to show cause was made upon the United States Attorney for the Western District of Wisconsin March 12, 1969. Service upon Dane County Local Board No. 13 was made March 12, 1969. Service upon Colonel Bentley Courtenay was made March 12, 1969. Service upon Outagamie County Local Board No. 53 was made March 13, 1969.

Upon the return of the order to show cause, plaintiff appeared in person and by his attorney, and the United States Attorney for the Western District of Wisconsin appeared in opposition to the motion for a temporary restraining order. Argument was heard.

From the complaint and from the affidavit in support of the motion for a temporary restraining order, the truth of which the court assumes for the purpose of deciding the motion, it appears that plaintiff is presently enrolled at the University of Wisconsin Law School as a second year law student and is satisfactorily pursuing a full-time course of instruction; that he commenced his course of instruction at the University of Wisconsin Law School in September, 1967; that he has not yet received his Doctor of Jurisprudence (J.D.) degree and expects to receive said degree in June, 1970; that he registered with Outagamie County Local Board No. 53 on January 2, 1963; that shortly thereafter he was classified II–S; that he was continued in classification II–S until July 18, 1968, at which time he was classified I–A; that he was continued in the I–A classification after a personal appearance before the local board on August 29, 1968, and after an appeal to the Appeal Board on January 15, 1969; that he was ordered to report for induction by notice dated February 5, 1969; that his request for a transfer to Dane County Local Board No. 13 for induction was granted; and that he is presently under order by Dane County Local Board No. 13 to report for induction on March 20, 1969.

In this action plaintiff seeks a declaration nullifying his I–A classification, and an injunction requiring defendants to classify him I–S and prohibiting defendants from inducting him on March 20, 1969, or thereafter until the end of the present academic year at the University of Wisconsin.

The immediate motion is for an order restraining defendants from requiring him to report for induction, and from inducting him, on March 20, 1969, or any other date, pending a hearing upon his application for permanent relief.

I find that if defendants are not restrained from requiring plaintiff to report March 20, 1969, for induction into the armed forces, he will either be required to submit to induction and to interrupt his studies at the University of Wisconsin Law School or he will be required to expose himself to criminal prosecution for failure to report. In either event, I find that the harm he will sustain will be irreparable, and that no adequate remedy at law is available to him to vindicate his asserted right to continue as a student in the University of Wisconsin Law School until the end of the present academic year at the University of Wisconsin.

From an examination of the decisions in Oestereich v. Selective Service System Local Board No. 11, Cheyenne, Wyo., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), Carey v. Local Board No. 2, 297 F.Supp. 252 (D.Conn., 1969), and Armendariz v. Hershey, 295 F.Supp. 1351 (W.D.Tex., 1969), I conclude that the plaintiff's chance ultimately to succeed in this action is sufficient to support the entry of a temporary restraining order.

I find that there is no necessity to require plaintiff to give security for the payment of such costs and damages as may be incurred by any party who is ultimately found to have been wrongfully restrained.

Upon the basis of the entire record herein, it is hereby ordered that until further order of the court the defendants, their agents, assistants, successors, employees, attorneys and all persons acting in concert or cooperation with them or at their direction, are restrained and enjoined from ordering the plaintiff to report for induction into the armed services of the United States and from inducting him into the armed services of the United States.