**John Franklin DICKENS, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**Civ. No. 3-835-D.**

United States District Court,
S. D. Iowa,
Davenport Division.

Feb. 13, 1969.

Ellis T. Dickens, Davenport, Iowa, for plaintiff.

Allen L. Donielson, U. S. Atty., and Claude Freeman, Asst. U. S. Atty., for defendants.

## ORDER

STEPHENSON, Chief Judge.

This matter came on for hearing before the Court upon the complaint of the plaintiff who sought a temporary restraining order and preliminary and permanent injunction enjoining the defendant Selective Service Board from inducting or causing the plaintiff to be inducted into the military service of the United States before the end of the academic year, the same being in June 1969. The plaintiff appeared in person and by his counsel, Attorney Ellis T. Dickens. The defendants appeared by Allen L. Donielson, United States Attorney and Claude Freeman, Assistant United States Attorney. After examining the complaint and the affidavit attached thereto; hearing the testimony offered and examining the exhibits received in evidence; and examining the briefs and hearing the arguments of counsel, the Court finds the application for temporary restraining order and preliminary and permanent injunction must be denied.

Plaintiff, John Franklin Dickens, age twenty-two, is satisfactorily pursuing a full-time course of instruction at the graduate level, college of physics, State University of Iowa at Iowa City, Iowa. Plaintiff pursued a complete undergraduate course at Augustana College and received his BA degree in June 1968. During the period of his undergraduate work he received a II-S student deferment. After his graduation plaintiff was classified I-A on June 10, 1968 and has remained in that classification up to and through this date.

On November 7, 1968, Form 252 "Order to Report for Induction" was mailed to plaintiff directing him to report for induction at 9:30 a. m., December 11, 1968. Upon the request of the plaintiff and based upon the fact that he was enrolled in graduate school at the University of Iowa, plaintiff was granted a postponement of that induction until the February 1969 induction call. On January 13, 1969, plaintiff was directed by

letter from the Clerk of the Local Board to report for induction on Monday February 24, 1969. Plaintiff now asks that he be granted a deferment until the end of the academic year which is June 1969. He asks that the Local Board be enjoined from inducting him until after he has completed the academic year.

It is the view of the Court that plaintiff's request for relief must be denied. The teaching of the recent case of Kolden v. Selective Service Local Board No. 4, Beltrami County, Minnesota, 406 F.2d 631 (8th Cir., 1969), is controlling. The matter of graduate deferments is discretionary with the Local Board. Thus "the Courts can review the classification only in a criminal prosecution or a habeas corpus proceeding." See Kolden v. Selective Service Local Board No. 4, Beltrami County, Minnesota, *supra.*