Accordingly the motion of the plaintiffs is granted.

**Jeffrey A. SCHAFER, Plaintiff,**

v.

**John MITCHELL, etc., et al., Defendants.**

No. 50952.

United States District Court
N. D. California.

March 31, 1969.

John E. Thorne, San Jose, Cal., for plaintiff.

Asst. U. S. Atty. Jerry K. Cimmet, San Francisco, Cal., for defendants.

## ORDER GRANTING PRELIMINARY INJUNCTION

PECKHAM, District Judge.

The plaintiff in this suit seeks to enjoin the defendants from inducting or causing him to be inducted into the military service of the United States before the end of the academic year in June, 1969. On March 14, 1969, this Court issued a temporary restraining order and an order to show cause why a preliminary injunction should not issue enjoining the defendants—pending the final hearing and determination of this action—from taking any action pursuant to Local Board 79 and 60's order to plaintiff to report for induction on March 19, 1969. The hearing on the order to show cause was held on March 21, 1969.

After examining the complaint, affidavit, and submitted papers, plus hearing the arguments of counsel, the Court now finds that the preliminary injunction must be granted. The Court is strongly persuaded by the reasoning and holding in Carey v. Local Board No. 2, 297 F.Supp. 252 (D.C.Conn. February 13, 1969) (1969). There, in an almost identical fact situation, the court held the plaintiff had "a clear statutory right to a 1–S deferment," and that,

hence, § 10(b) (3) of the Selective Service Act of 1967 was not a bar to the court's jurisdiction. Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Furthermore, this Court agrees with the *Carey* court's interpretation of the proviso language of § 6(i) (2) of the 1967 Act. The exclusion denying 1–S deferments to registrants who had received a 11–S deferment under "section 6(h) of such Act" applies only to those who received a 11–S deferment between 1948 and 1951. Therefore, the fact that the plaintiff received 11–S deferments during his undergraduate days prior to 1967 would not place him within the provisos and exclusions of § 6(i) (2). See also Armendariz v. Hershey, 295 F.Supp. 1351 (D.C.W.D. Texas, February 5, 1969).

Accordingly, this Court now orders that the defendants' motion to dismiss be denied and further orders that a preliminary injunction issue enjoining the defendants, and each of them, their agents, servants, employees and attorneys, and all persons in active concert in participation with them—pending the final hearing and determination of this action—from ordering that plaintiff report for induction.