**Stephen C. ELLIS et al., Plaintiffs,**

**v.**

**Lewis B. HERSHEY et al., Defendants.**

**Civ. No. 32052.**

United States District Court
E. D. Michigan, S. D.

April 30, 1969.

James T. Lafferty, Lafferty, Reosti & Jabara, Marc Stickgold, Detroit, Mich., Charles Donahue, Jr., Ann Arbor, Mich., for plaintiffs.

Robert J. Grace, U. S. Atty., Detroit, Mich., for defendants.

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

KAESS, District Judge.

This is an action commenced by a group of second-year full-time graduate students attending the University of Michigan School of Law. Plaintiffs rep-

resent a class of graduate students who received their baccalaureate degrees prior to June 30, 1967, the effective date of the Selective Service Act of 1967. Plaintiffs, on behalf of this class, seek a declaration of their right to be deferred until the end of the academic year in which they are called for induction.

Several of the plaintiffs have passed their preinduction physical examinations and have been called for induction. They have requested I–S deferments, which requests have been denied. These plaintiffs claim an immediate right to such deferments. The other plaintiffs, comprising the remainder of the class, are not so far along in the induction process, but are allegedly being injured in their ability to properly plan and pursue their academic careers by the Selective Service System's refusal to recognize their right to I–S deferments should they be called for induction during the academic year.

All of the plaintiffs have exhausted their administrative remedies within the Selective Service System on this issue. Plaintiffs contend that the appropriate solution to this matter is an authoritative judicial determination of the validity of defendant Director's implementation of the Act.

Plaintiffs base their motion on the premise that (1) refusal to grant plaintiffs an I–S deferment violates the clear statutory mandate of Congress; (2) plaintiffs have a statutory right to an I–S deferment under Title 50 U.S.C. App. § 456(i) (2) of the Selective Service Act of 1967; (3) judicial review is available when such a statutorily granted right is asserted; (4) plaintiffs fall within the exception to Section 460(b) (3) established in Oestereich v. Selective Service System Local Board No. 11, Cheyenne, Wyoming, 393 U.S. 233, 89 S. Ct. 414, 21 L.Ed.2d 402 (1968); 50 U.S. C. App. § 460(b) (3); (5) plaintiffs' claim presents a greater need for immediate judicial review than was presented in Oestereich. Plaintiffs state further

that their relief be limited to the academic year 1968–1969, ending June 1969.

The defendants contend, however, that plaintiffs' action be dismissed for (1) lack of subject matter jurisdiction and (2) failure to state a claim upon which relief can be granted. In support of their position defendants cite Oestereich v. Selective Service System Local Board No. 11, Cheyenne, Wyoming, supra, relying on the court's ruling that preinduction judicial review was allowable only when a draft exemption was unconditionally created by statute. Defendants espouse the position that Oestereich is not applicable to the case at bar. The court disagrees with defendants' finding.

Defendants' second point of contention is that even if this aspect of student deferment (I–S) can now be made the subject of preinduction judicial review, the proper interpretation of the governing statute and regulations does not confer the right to an I–S deferment on plaintiffs.

The paramount issues in this case are two: (1) Whether plaintiffs have a statutory right to an I–S deferment under Section 456(i) (2) of the Selective Service Act of 1967, and if so, does defendants' refusal to grant plaintiffs an I–S deferment violate Section 456(i) (2) of said Act; (2) whether plaintiffs fall within the exception to Section 460(b) (3) of the Selective Service Act of 1967 established in Oestereich v. Selective Service System Local Board No. 11, Cheyenne, Wyoming, supra, thereby entitling them to preinduction review.

The Selective Service Act of 1967, 50 U.S.C. App. § 456, subsections (h) (1), (h) (2), and (i) (2) specifically provides for varying degrees of student deferments for under-graduate students (h) (1) and those for graduate students (h) (2), (i) (2). The statute "requires" the President to provide for undergraduate deferments except in times of necessity, but only authorizes him to do so for graduate students. Section

456(h) (1) clearly mandates deferments for full-time undergraduate students, but further provides that no person who has been deferred as an undergraduate student and has since been graduated shall again be deferred. The court, however, does not lose sight of the fact that the effective date of the Selective Service Act was June 30, 1967, and that its regulations are not retroactive.

A reading of Section 456, subsections (h) (1) and (h) (2) reveals that Congress has made graduate deferments rest on the discretion of the local draft boards. Kolden v. Selective Service Local Board No. 4, Beltrami County, Minnesota (C.A. 8th, 1969), 406 F.2d 631. Congress, however, minimized the thrust of the local board's discretionary power by including subsection (i) (2) within Section 456 of said Act.

"Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, *shall*, upon the facts being presented to the local board, *be deferred* (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier * * *." (50 U.S.C. App. § 456(i) (2), p. 76) (Italics supplied)

Section 456(i) (2) contains the phrase "shall * * * be deferred." Webster's New Collegiate Dictionary defines the word "shall" as meaning *obliged, must*. The phrase employed by Congress in subsection (i) (2) is mandatory in meaning. This court, or any court, would be stretching the intent and purpose of Congress in construing Section 456 (i) (2) differently. Section 456(i) (2) of the Act in clear and unequivocal terms mandates the deferment until the end of the academic year of plaintiffs and those similarly situated when they are called for induction, so long as they remain full-time students.

The sole exception in the Act of any possible relevance to this case is found in the first paragraph of Section 456(h).

"No person who has received a student deferment under the provisions of this paragraph shall thereafter be granted a deferment under this subsection, nor shall any such person be granted a deferment under subsection (i) of this section if he has been awarded a baccalaureate degree * *." (p. 74)

This exception, however, is not applicable. Plaintiffs received their baccalaureate degrees and II–S deferments prior to the effective date of the Act, June 30, 1967. As previously stated, Congress did not intend the Act to be retroactive. Regulations and exceptions found therein are applicable to problems and situations occurring *after* the effective date of the Act, unless specifically provided otherwise.

The primary duty of the court in construing Section 456(i) (2) is to give effect to the intent of the Legislature as evidenced by the language used in the statute, and if the meaning is plain, the court will look no further, and the statute is interpreted to mean exactly what it says. In the Matter of Camden Shipbuilding Co. (D.C. Me., 1964), 227 F. Supp. 751; United States v. British Cars & Parts, Inc. (C.C. Pa., 1960), 47 C.C.Pa. 114. The court must apply a statute on the basis of what Congress has written, not what Congress might have written. American Bankers Ins. Co. of Fla. v. United States (D.C. Fla., 1967), 265 F. Supp. 67, aff'd 5 Cir., 388 F.2d 304. The language of a statute is the best and most reliable index of its meaning and where the language is clear and unequivocal it is determinative of its construction. Monte Vista Lodge v. Guardian Life Ins. Co. of America (C.A. 9, 1967), 384 F.2d 126, cert. den. 390 U.S. 950, 88 S.Ct. 1041, 19 L.Ed.2d 1142.

The court's construction of Section 456, subsection (h) (1), (h) (2) and (i) (2) follows directly from the statute's clear unequivocal language. No ambigui-

ty exists in the statutory language and there is no conflict between the respective sections.

The problem confronting plaintiffs is not one of first impression. A number of district courts have entertained this very issue in a like manner. In Armendariz v. Hershey et al. (D.C. Tex., 2/5/69), 295 F.Supp. 1351, the court issued a permanent injunction barring the induction of the plaintiff denied an I–S deferment. The court held that plaintiff was entitled under the "mandatory terms of Section 456(i) (2) of the Selective Service Act of 1967, to a further student deferment, I–S, until the end of the academic year.

Similarly, in Carey v. Local Board No. 2 (D.C. Conn., 1969), 297 F.Supp. 252, Civil Action No. 12966, the court held that a second-year law student was entitled to an I–S deferment until the end of the current academic year, basing its findings on the reasoning in Armendariz v. Hershey et al. The court stated further that regulation 32 C.F.R. § 1622.-15(b) [Local Board Memorandum No. 87 questioned by plaintiffs in the case at bar as to its validity] *"is much broader than the statutory* exceptions; it is open to an interpretation that would deny the I–S to any graduate student who had ever received a II–S deferment." (p. 8) The court concluded in saying that such regulation should be read so as to conform to § 6(h) (1) and 6(i) (2) of the Selective Service Act of 1967.

■ Regulation 32 C.F.R. § 1622.-15(b) should be read as consistent with the Act in not barring plaintiffs' right to an I–S deferment. Failure to do so would constitute an attempt by administrative officials to substitute their own views of proper policy for those enacted by Congress as implemented by the President. The Selective Service Act of 1967, and provisions found therein, is the guiding principle for induction into the armed forces. It must be applied in conformity with the provisions therein. Where a provision provides for a mandatory deferment the local board must

grant it, unless provided otherwise by the Act.

It is not within the Board's province to issue a memorandum negating the effectiveness of said Act. If the Act, or provisions therein, is to be changed it must be done by Congressional amendment.

The question of preinduction judicial review is, similarly, one of recent determination. The case determinative of this question is Oestereich v. Selective Service System Local Board No. 11, Cheyenne, Wyoming, supra. In *Oestereich* the Supreme Court held that Section 460(b) (3) will not bar preinduction judicial review of the classification or processing of a registrant where the registrant can show (1) a clear statutory grant of a deferment; (2) involving no discretion on the part of the local board; and (3) that the local board's action in denying the deferment contravened the express statutory command.

■ The court has found, thus far, that Section 456(i) (2) entitles a registrant to a mandatory I–S deferment to complete his academic year; and a denial of such deferment would contravene the express statutory command. The nature of plaintiff's deferment, that is, mandatory, brings it within the principle set down in *Oestereich*.

This court is not the first court to adopt the *Oestereich* principle. The United States Court of Appeals for the Seventh Circuit and the District Courts for the District of Columbia, Connecticut, Texas, and now Detroit, are in line with the *Oestereich* decision. [See, Foley v. Hershey, et al. (C.A. 7th, 1969), 409 F.2d 827; Kravik v. Hershey et al. (D.C. Col., 1969), Civil Action No. 58069; Carey v. Local Board No. 2 (D. C. Conn., 1969), 297 F.Supp. 252, Civil Action No. 12966; Armendariz v. Hershey et al. (D.C. Tex., 1969), 295 F. Supp. 1351].

Therefore, since plaintiffs have a clear statutory right to an I–S deferment, not subject to Local Board discretion, the court finds that Section 460(b)

(3) of the Act is not a bar to its jurisdiction. Plaintiffs have a clear and unequivocal right to a statutory I–S classification until the end of the academic year, June 1969.

It is hereby ordered that defendants classify plaintiffs, Stephen C. Ellis and others similarly situated, I–S as of April 29, 1969.

If plaintiffs seek injunctive relief, the court will grant such request upon a showing that the court's order has been violated.