**Michael Blair DAVIS et al., Plaintiffs,**

v.

**Lewis B. HERSHEY et al., Defendants.**

**No. 69–1062.**

United States District Court,
C. D. California.

Aug. 18, 1969.

Margolis & McTernan, Barry Nakell, Los Angeles, Cal., for plaintiffs.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Division, David H. Anderson, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

### MEMORANDUM OPINION

CURTIS, District Judge.

The plaintiffs here have raised the question of whether or not they have an absolute right to a I–S classification under the provisions of § 6(i) (2) of the Military Selective Service Act of 1967 [50 U.S.C. App. § 456(i) (2)]. They contend that they do, and in support thereof they seek an order enjoining their induction and directing defendants to reclassify them I–S.

The facts are admitted. Plaintiffs are all graduate students, each of whom has been granted a II–S deferment as an undergraduate prior to June 30, 1967 (the effective date of the Act of 1967). None has received an undergraduate deferment since June 30, 1967, but each did receive a graduate II–S deferment for the academic year 1967–1968, which commenced after September 1, 1967. Plaintiffs have each been classified I–A and have been issued orders to report for induction beginning June 17, 1969, or thereafter, and each has requested and been denied a I–S deferment through the end of the present academic year, 1968–1969.

Plaintiffs claim jurisdiction under the provisions of Title 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus); 28 U.S.C. §§ 2201, 2202 (declaratory judgment).

It would appear that this court has jurisdiction under 28 U.S.C. § 1361 [1] for reasons set forth in Carey v. Local Board No. 2, 297 F.Supp. 252, Dist. of Conn. February 13, 1969, unless the action is barred by § 10(b) (3) of the Act. 50 U.S.C. App. § 460(b) (3). The applicable portions of this section provide that "no judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution, instituted under section 12 of this Title * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *."

In Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed. 2d 402, the Supreme Court held that § 10(b) (3) did not bar judicial review in a case where the local draft board refused to grant a divinity student statutory exemption. In Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418, registrant sought to enjoin his in-

duction on the ground that his claim to conscientious objector classification was wrongfully refused. The district court enjoined his induction, but the Supreme Court reversed. It distinguished *Oestereich, supra,* by saying: (393 U.S. 256, 258, 89 S.Ct. 426)

"Oestereich, as a divinity student, was by statute unconditionally entitled to exemption. Here, by contrast, there is no doubt of the board's statutory authority to take action which appellee challenges, and that action inescapably involves a determination of fact and an exercise of judgment. * * *

" * * * To allow pre-induction judicial review of such determinations would be to permit precisely the kind of 'litigious interruptions of procedures to provide necessary military manpower' * * * which Congress sought to prevent when it enacted § 10(b) (3)."

■ Although the Government argues that *Oestereich, supra,* was concerned with a statutory exemption, where we are here concerned with a statutory deferment, this seems to be a distinction without a difference, for if the right to a deferment is absolute and local board has a statutory mandate to grant it, *Oestereich* teaches us that the action is not barred by § 10(b) (3). If, however, the granting of deferment is discretionary, § 10(b) (3) would control.

The question of jurisdiction here, then, depends upon the determination of the substantive question presented by the complaint.

Plaintiffs base their claim of statutory right on section 6(i) (2) of the Act, which provides that a person pursuing a full time course of instruction at a college, university or similar institution who is ordered to report for induction, shall, upon the facts being presented to the local board, be deferred (A) until the end of the academic year, or (B) until

---

1. 28 U.S.C. § 1361 provides:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

he ceases to pursue such course of instruction, provided he does not come within one of several classes who are specifically excluded from such deferment. We will deal with only one of such excluded classes, and the pertinent portion of the section reads:

"Provided * * * any person who hereafter is deferred under the provisions of this subsection, shall not be further deferred by reason of pursuit of a course of instruction at a college, university, or similar institution of learning * * * except as may be provided by regulations prescribed by the President pursuant to the provisions of subsection (h) of this section."

The basic question, therefore, is: Have plaintiffs' graduate II–S deferments been granted under the provisions of § 6(i) (2), or some other section?

This issue has been raised in a number of cases decided in recent months, and the courts have been badly divided on the result. There is, however, impressive authority both ways.

■ This court, however, adopts the view that these plaintiffs have already received a § 6(i) (2) deferment and are, therefore, not entitled to a further deferment as a matter of statutory right. In arriving at this conclusion this court relies upon the reasoning in Rosenfield v. Selective Service System, 298 F.Supp. 276 (W.D.Pa.1969). The court held there that a registrant whose deferment status is the same as these plaintiffs is not entitled to a I–S classification as a matter of right, and consequently held that it had no jurisdiction in the face of § 10(b) (3). That court reasoned that the registrant, having received a graduate II–S deferment since June 30, 1967, had been deferred under the provisions of § 6(i) (2). Such a deferment is a § 6(i) (2) deferment because it was granted to the registrant under the President's Executive Order 11,360 of July 4, 1967 [32 C.F.R. 1622–26(b)], which provides:

"* * * Any registrant enrolled for his first year of post-baccalaureate study in a graduate school or a professional school on October 1, 1967 * * * may be placed in Class II–S * * * and shall be deferred for one academic year only * * * *"

The only statutory authority for this regulation appears in § 6(i) (2) which reads:

"Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces * * * of any category or categories of students for such periods of time as he may deem appropriate."

At this point the court in *Rosenfield, supra,* said:

"We can, therefore, find no mandatory statutory deferment for a second year professional school student under the provisions of § 6(i) (2) of the Act, nor do we find that the Regulations provide for any. To the contrary our reading of the 'provided, that' clause compels the conclusion that no such deferment was to be granted where a prior student deferment had been enjoyed. This conclusion is reinforced by the holding of Kolden v. Selective Service Local Board 4, [8th Cir., Jan. 28, 1969] 406 F.2d 631 as reported in 37 LW 2434, which finds a statutory pattern in § 6(h) of mandatory deferments for full time undergraduate students; but discretionary deferments for graduate students. An exception allows but does not require deferments for certain categories of students (e. g. medical students) necessary to the national health and interest. This decision was followed by the Northern District of Ohio, Eastern Division, in Kaplish and Dixon v. Hershey [Feb. 7, 1969]

"Our interpretation of the statutory plan is reinforced by the remarks of Senator Richard Russell in explaining the [Act of 1967] as reported in the

Congressional Record, June 12, 1967, s8050–s8051:

" ' * * * I think the legislative history is clear that the Congress believes that the number of graduate deferments should be stringently limited, but that some such deferments are important and should be permitted.

" 'In this connection I should mention the relevance of an existing provision of law—section 6(i) of the Universal Military Training and Service Act—which permits a college student who is ordered to report for induction to be deferred until the end of the then current academic year. Under the conference agreement this privilege would continue for persons pursuing a baccalaureate degree. Persons who had received a deferment for graduate study in fields recommended by the National Security Council as important to the national health, safety, or interest could also be deferred until the end of the academic year current at the time they were ordered to report for induction. *But graduate students in other fields—that is, those studying subjects not found to be important to the national health, safety, or interest—would not be entitled to a deferment until the end of the academic year, if they were ordered to report for induction during that year.'* [Emphasis supplied].

"Under this situation we cannot find the clear departure from the statutory mandate that would give this court jurisdiction over the express limitation of § 10(b) (3). The deferment claimed by plaintiff is a discretionary matter, not mandatory and thus this Court has no power to act."

This view finds support in Forsythe v. Hershey (S.D.N.Y. May 1969); Rich v. Hershey, 408 F.2d 944 (10th Cir. April 1969); Kaplish v. Hershey (N.D.Ohio Feb. 1969); Rosenfield v. Selective Service System, *supra*; Marano v. Laird (E.

D.N.Y. March 1969); Dickens v. United States, 308 F.Supp. 1124 (S.D.Iowa February 1969). But see Carey v. Local Board No. 2, 297 F.Supp. 252 (D.Conn. 1969); Bowen v. Hershey, 410 F.2d 962 (1st Cir.); Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969); Landau v. Mitchell, (N.D.Cal.1969); Schafer v. Mitchell, 304 F.Supp. 1227 (N.D.Cal.1969).

For the foregoing reasons defendants' motion to dismiss is hereby granted.

## ORDER DENYING MOTION FOR RECONSIDERATION

The plaintiffs have moved for a reconsideration of the court's ruling, announced in its opinion of July 11, 1969, by which the court ordered the dismissal of this action. They contend that an issue not previously elaborated upon is dispositive of this case in a manner contrary to the court's opinion. They argue that the order granting the plaintiffs' motion for summary judgment in the case of Ellis v. Hershey, 302 F.Supp. 347 (E.D.Mich. April 30, 1969) is binding upon this court by reason of the fact that that action was a class action brought on behalf of the plaintiffs for the benefit of all persons similarly situated. It appears that plaintiffs here fit precisely within the class.

We have before us only the decison of the court in that case, from which we conclude that the question of whether or not that was a proper class action was never raised, considered, or determined. The following are the only pertinent references in the opinion bearing upon this question:

"This is an action commenced by a *group* of second-year full-time graduate students attending the University of Michigan School of Law. Plaintiffs represent a *class* of graduate students * * *. Plaintiffs, on behalf of this *class*, seek a declaration of their right * * *.

"*Several of the plaintiffs* have passed their preinduction physical examination * * *. The other plaintiffs comprising the *remainder*

*of the class* are not so far along * * *." (emphasis added)

There is a further reference toward the close of the opinion:

"It is hereby ordered that defendants classify the plaintiffs, Stephen C. Ellis and others similarly situated, I–S as of April 29, 1969."

Rule 23(c) (1), F.R.Civ.P., provides:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

There is no showing that any such order was made, and the whole tenor of the opinion indicates that the judge made it clear that the court in making its ruling had in mind only the plaintiffs to that action.

The motion to reconsider is therefore denied.