**Albert ARMENDARIZ, Jr.**

v.

**Lewis B. HERSHEY, Director of Selective Service, Morris S. Schwartz, State Director of Selective Service, Local Board No. 39, Selective Service System; Theodore Arnold, Edwin Howrey, Duana Juvrud, Paul Key, Rudolph Miles, as Members of Local Board No. 39.**

**Civ. A. No. A–69–CA–6.**

United States District Court
W. D. Texas,
Austin Division.

Feb. 5, 1969.

Pete Tijerina and Mario G. Obledo, San Antonio, Tex., Jack Greenberg, William L. Robinson and Elizabeth Dubois, New York City, for plaintiff.

Ted Butler, U. S. Atty., Western Dist. of Tex., Warren N. Weir, Asst. U. S. Atty., Western Dist. of Tex., San Antonio, Tex., for defendants.

## MEMORANDUM OPINION

ROBERTS, District Judge.

This case was filed by Plaintiff on January 17, 1969. A hearing was held on January 27, 1969, after which the Court made an oral ruling from the Bench in favor of Plaintiff, Albert Armendariz, Jr. On January 28, 1969, a brief judgment was filed by the Court, and notice of appeal has been filed by the Defendants. To more fully satisfy Rule 52, Federal Rules of Civil Procedure, and to clarify this Court's ruling and the reasons therefor, this Memorandum Opinion is submitted.

Plaintiff is a second year full-time graduate student at the University of Texas Law School, Austin, Texas. During his first year in law school he received a "graduate II–S" deferment under the provisions of § 6(h) (2) of the Military Selective Service Act of 1967, being considered a person "whose activity in graduate study * * * is found to be necessary to the maintenance of the national health, safety, or interest."

This deferment expired in July, 1968, and Plaintiff was classified I–A. He appealed the classification and was unanimously denied re-classification. After being found physically qualified for military service, Plaintiff was ordered to report for induction on February 3, 1969. He applied for and was denied a I–S deferment under § 6(i) (2) of the Act which provides in part:

Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier. * * *

Claiming that he is entitled to a I–S deferment as a matter of right, Plaintiff brings this suit to enjoin his induction.

The threshold question before the Court is one of its jurisdiction. The question is twofold: is there a statute under which this Court has jurisdiction, and if so, does § 10(b) (3) of the Act prohibit the Court from exercising its jurisdiction?

Plaintiff alleges jurisdiction is established by 28 U.S.C. § 1331 and by 28 U.S.C. § 1361. § 1331(a) provides:

The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

■ This is clearly a Federal question case, arising under the Constitution and laws of the United States. While "[i]t is difficult to understand * * * why there should ever be a monetary requirement in federal question cases," the $10,000 requirement remains. Wright, Federal Courts § 32 (1963). It is that requirement in contest here. Although it is difficult to determine the pecuniary value of the I–S deferment to the Plaintiff, it is not so difficult that it "cannot be translated into terms of money." Id. at § 33. Rather, the Court finds "there is a present probability that the value of the matter in controversy will exceed the jurisdictional amount." Id.

■ Plaintiff also pleads jurisdiction under § 1361, which provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Assuming, as we must at this point, that Plaintiff is clearly entitled to a I–S deferment, his local board has an affirmative duty to give him the classification. § 1361 gives this Court authority to compel the Board to perform that duty.

Assuming *arguendo* that this Court would otherwise have jurisdiction under either § 1331 or § 1361 or both, the Defendants claim that the jurisdiction has

been specifically denied by § 10(b) (3) of the Act, which provides in part:

> No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *.

 There is no escaping that this is essentially a case of pre-induction judicial review of the classification or processing of a registrant by a local selective service board so, read literally, § 10(b) (3) would indeed preclude this Court from exercising jurisdiction over the case. But, "no one, we believe, suggests that § 10(b) (3) can sustain a literal reading." Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 238, 89 S.Ct. 414, 417, 21 L.Ed.2d 402, 406. The Supreme Court, in two recent cases, has set out the guidelines for deciding when there is to be an exception to § 10(b) (3), when there can be pre-induction judicial review of draft classifications.

In Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418, the Court in a per curiam opinion said the constitutional § 10(b) (3) precluded review of the I–A classification of a registrant claiming to be a conscientious objector. The Court pointed out that the question of whether or not a registrant should properly be classified as a conscientious objector "inescapably involves a determination of fact and an exercise of judgment." Id., 393 U.S. at 258, 89 S.Ct. at 426, 21 L.Ed.2d at 421. The Board must use "its statutory discretion to pass on a particular request for classification, 'evaluating evidence and * * * determining whether a claimed exemption is deserved.'" Id. Thus, to allow pre-induction review would make the District Courts super draft boards and would interrupt and delay the procedure of providing adequate military manpower. Id.

In *Oestereich,* supra, the Court allowed pre-induction review of a I–A classification of a registrant claiming a ministerial student exemption. Acting on such a claim, the Court states, involves "no exercise of discretion by a Board in evaluating evidence and in determining whether a claimed exemption is deserved", because "the exemption granted divinity students is plain and unequivocal." Id. 393 U.S. at 238, 89 S.Ct. at 416, 21 L.Ed.2d at 406. To deny one a "plain and unequivocal" statutory right is an action "basically lawless", and that action must be subject to judicial review. Id. To hold otherwise would do "violence to the clear mandate of [the statute] governing the exemption" and would be "to construe the Act with unnecessary harshness." Id.

Plaintiff-registrant in the case *sub judice* presented to his local board and to the State and National Directors of Selective Service facts that showed without question he was "satisfactorily pursuing a full-time course of instruction" at the University of Texas Law School. Thus, there was none of "the numerous discretionary, factual, and mixed law-fact determinations which a Selective Service board must make * * *." Oestereich, supra 393 U.S. at 240, 89 S.Ct. at 417, 21 L.Ed.2d at 407 (Concurring opinion). Any action on Plaintiff's I–S request would involve only legal determinations by the board and should be reviewable under the *Oestereich* rationale. Having jurisdiction of the controversy, the Court now turns to the merits and reviews the board's actions.

The mandatory language of § 6(i) (2) is quoted above. The exceptions are as follows:

> That any person who has heretofore had his induction postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948 [former subsection (i) (2) of this section]; or any person who has heretofore been deferred as a student under section 6(h) of such Act [former subsection

(h) of this section]; or any person who hereafter is deferred under the provision of this subsection, shall not be further deferred by reason of pursuit of a course of instruction at a college, university, or similar institution of learning * * *.

Thus, there are two exceptions dealing with the Selective Service Act of 1948, obviously inapplicable to the Plaintiff, and one denying another I–S to those who have already been so deferred, also inapplicable to Plaintiff.

The fourth and last statutory exception to the right to a I–S is found in § 6(h) (1) of the Act. That paragraph concerns only "undergraduate II–S" deferments, as distinguished from the § 6 (h) (2) "graduate II–S" deferments, and reads in part:

No person who has received a student deferment under the provisions of this paragraph shall thereafter be granted a deferment under this subsection, nor shall any such person be granted a deferment under subsection (i) of this section if he has been awarded a baccalaureate degree * * *.

Since Plaintiff has never been deferred under § 6(h) (1), this exception does not apply to him.

In face of this statutory scheme, the National Director of the Selective Service System has promulgated Local Board Memorandum No. 87, which states in effect that *any* II–S deferment, be it graduate (§ 6(h) (2)) or undergraduate (§ 6(h) (1)), precludes the registrant with a baccalaureate degree from receiving a I–S deferment pursuant to § 6(i) (2). This Memorandum, binding on all local boards and on the State System, carves out a fifth exception to the statutory right to a I–S, and it was because of that Memorandum that Plaintiff was denied that classification. There is no authority for the Director's action; it is beyond cavil that a statutory right cannot be taken away by Administrative fiat.

Absent, then, this invalid Memorandum, the Plaintiff has a "plain and unequivocal" statutory right to a I–S deferment. That right must and will be protected by the Federal Judiciary.