**Michael L. ROSENFIELD, Plaintiff,**

v.

**SELECTIVE SERVICE SYSTEM, LOCAL BOARD NO. 19, PITTSBURGH, PENNSYLVANIA, Defendant.**

Civ. A. No. 69-156.

United States District Court
W. D. Pennsylvania.

Feb. 13, 1969.

Stanton D. Levenson, Pittsburgh, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant. George E. Schumacher, Asst. U. S. Atty.

OPINION

GERALD J. WEBER, District Judge.

Plaintiff, a registrant under the Selective Service Act, ordered to report for induction February 20, 1969, files this action to restrain and enjoin the Selective Service System and Local Board 19 from ordering him to report for induction into the Armed Forces of the United States, and to adjudge that he is entitled to a 1–S Classification as a matter of right.

Plaintiff seeks this extraordinary pre-induction judicial relief despite the provisions of § 10(b) (3) [50 U.S.C.A. App. § 460(b) (3)] of the Selective Service Act of 1967 which precludes judicial review of classification or processing of a registrant by local boards except as a defense to a criminal prosecution for violation of the Act. His basis for this proceeding is the jurisdiction rested in the United States District Courts under 28 U.S.C. § 1331, (federal question jurisdic-

tion), § 1361 (mandamus jurisdiction), and § 2201 (declaratory judgment relief). In particular he relies upon the decision of the United States Supreme Court in Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S. Ct. 414, 21 L.Ed.2d 402, [Dec. 16, 1968], which held that § 10(b) (3) did not bar one reclassified in defiance of a clear statutory grant of exemption from suing to enjoin induction. Plaintiff bases his claim to relief on an allegation of a clear statutory grant of a statutory deferment of 1–S under § 6(i) (2) of the Act.

Upon the filing of a petition for preliminary injunction, a hearing was set and evidence taken. From the evidence presented and the stipulations made we find the following facts:

1. Plaintiff is Michael L. Rosenfield, of Pittsburgh, Pa., born September 13, 1946, and is registered under the Selective Service Act of 1967 with Local Board 19, Pittsburgh, Pennsylvania.

2. Plaintiff is now a second-year student in a professional graduate school, Dickinson School of Law, at Carlisle, Pa., satisfactorily pursuing a full-time course of instruction.

3. Plaintiff was registered with Local Board 19 on November 25, 1964, and received the following pertinent classification:

April 13, 1965 — Classified 2-S until 6–1–65.

Feb. 16, 1966 — Classified 2-S until 6–1–66.

Feb. 7, 1966 — Classified 2-S until 10–1–67.

Feb. 14, 1967 — Notice of acceptance as professional student.

Sept. 25, 1967 — Notice of entry into professional school.

Oct. 11, 1967 — Classified 2-S until Sept. 1, 1968.

June 20, 1968 — Classified 1-A.

July 16, 1968 — Requested personal appearance and opportunity to appeal.

Aug. 14, 1968 — Appeared personally and submitted petition for reclassification of 2-S as a law student.

Aug. 14, 1968 — Classified 1-A.

Oct. 30, 1968 — Ordered to report for induction November 20, 1968.

Nov. 1, 1968 — Request for postponement of induction until after completion of current semester, January 16, 1969.

Nov. 8, 1968 — State Director, Selective Service System approves request for postponement of induction until the February 1969 induction call.

Jan. 31, 1969 — Ordered to report for induction February 20, 1969.

———◆———

From the foregoing it appears that the registrant has received deferment both as an undergraduate and as a post-baccalaureate professional student. It is noted that no appeal was taken from the Local Board's classification.

■ The question upon which our jurisdiction depends in this matter is whether plaintiff's Local Board was under a mandatory statutory duty to grant plaintiff a 1–S deferment upon facts being presented to the Local Board that he was satisfactorily pursuing a full-time course of instruction as a second year graduate student in a professional school of law. Only in the case of a clear departure from the statutory mandate may we entertain jurisdiction in face of the

limitation on pre-induction judicial review of § 10(b) (3) of the Act.

Nor may we consider the case if the plaintiff's right to receive a 1–S Classification is within the discretion of the Local Board.

We by-pass for the present the question of whether plaintiff is barred from maintaining this action because of his failure to pursue a readily available administrative remedy, i. e. an appeal from his 1–A Classification. Whether an administrative appeal is a prerequisite to the relief sought here was not at issue in *Oestereich,* because there the administrative appeal had been taken.

Plaintiff's complaint bases his claim of statutory right on § 6(i) (2) of the Act. This section provides that a person pursuing a full time course of instruction at a college, university or similar institution, who is ordered to report for induction, shall, upon the facts being presented to the local board, be deferred (A) until the end of the academic year, or (B) until he ceases to pursue such course of instruction.

Thus far, plaintiff qualifies, but the section continues:

"Provided:

* * * or any person who hereafter is deferred under the provision of this subsection shall not be further deferred by reason of pursuit of a course of instruction at a college * * * except as may be provided by regulations prescribed by the President pursuant to the provisions of subsection (h) of this section."

Has the plaintiff been deferred under the provisions of subsection (i) (2)?

Plaintiff received undergraduate deferments as an undergraduate under the mandatory provisions of § (h) (1). He also received a deferment for his first year of professional post-graduate study by being classified 2–S on October 11, 1967.

Under what statutory provision was this granted subsequent to the effective date of the Selective Service Act of 1967, June 30, 1967?

The sole authority that we can find for plaintiff's 2–S deferment during his first year of post-graduate professional study is the President's Executive Order 11360, of July 4, 1967, now set forth in 32 C.F.R. 1622.26(b):

"* * * Any registrant enrolled for his first year of post-baccalaureate study in a graduate school or a professional school on October 1, 1967 * * * may be placed in Class II–S * * * and shall be deferred for one academic year only * * *"

The only statutory authority we can find for this regulation is the following portion of § 6(i) (2) which reads:

"Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces * * * of any category or categories of students for such periods of time as he may deem appropriate."

We arrive at the conclusion that the regulation of 32 C.F.R. 1622.26(b) can only be derived from § 6(i) (2) of the statute because no other portion of the Act authorizes such a classification. § 6 (h) (1) provides for mandatory undergraduate deferments. § 6(h) (2) authorizes but does not require the President to provide by regulation for deferment of certain categories of persons engaged in endeavors found necessary to the national health, safety or interest. Under this authority the regulations in 32 C.F.R. 1622.26(a) provide for Class II–S deferments for students of medicine and the like.

Reinforcing our conclusion that there is no mandatory 1–S Classification provided for second year professional students, is the language of § 6(i) (2) that no person shall be further deferred by reason of a course of instruction at a college "who has heretofore been deferred as a student under section 6(h) of such Act", Section 6(i) must be read in conjunction with § 6(h) (1):

"No person who has received a student deferment under the provisions of

this paragraph shall thereafter be granted a deferment under \* \* \* subsection (i) of this section if he has been awarded a baccalaureate degree, except for \* \* \* graduate study, occupation, or employment necessary to the maintenance of the national health, safety, or interest."

This plaintiff has heretofore received an undergraduate deferment prior to 1967 pursuant to the former subsection 6(h) and has received his baccalaureate degree.

We can, therefore, find no mandatory statutory deferment for a second year professional school student under the provisions of § 6(i) (2) of the Act, nor do we find that the Regulations provide for any. To the contrary our reading of the "provided, that" clause compels the conclusion that no such deferment was to be granted where a prior student deferment had been enjoyed. This conclusion is reinforced by the holding of Kolden v. Selective Service Local Board 4, 406 F.2d 631 [8th Cir., Jan. 28, 1969] as reported in 37 L.W. 2434, which finds a statutory pattern in § 6(h) of mandatory deferments for full time undergraduate students; but discretionary deferments for graduate students. An exception allows but does not require deferments for certain categories of students (e. g. medical students) necessary to the national health and interest. This decision was followed by the Northern District of Ohio, Eastern Division, in Kaplish and Dixon v. Hershey [Feb. 7, 1969].

Our interpretation of the statutory plan is reinforced by the remarks of Senator Richard Russell in explaining the action of the Conference Committee on the Selective Service Act of 1967, as reported in the Congressional Record, June 12, 1967, s8050–s8051:

" \* \* \* I think the legislative history is clear that the Congress believes the number of graduate deferments should be stringently limited, but that some such deferments are important and should be permitted.

In this connection I should mention the relevance of an existing provision of law—section 6(i) of the Universal Military Training and Service Act—which permits a college student who is ordered to report for induction to be deferred until the end of the then current academic year. Under the conference agreement this privilege would continue for persons pursuing a baccalaureate degree. Persons who had received a deferment for graduate study in fields recommended by the National Security Council as important to the national health, safety, or interest could also be deferred until the end of the academic year current at the time they were ordered to report for induction. *But graduate students in other fields—that is, those studying subjects not found to be important to the national health, safety, or interest —would not be entitled to a deferment until the end of the academic year, if they were ordered to report for induction during that year."* [Emphasis supplied].

Under this situation we cannot find the clear departure from the statutory mandate that would give this court jurisdiction over the express limitation of § 10(b) (3). The deferment claimed by plaintiff is a discretionary matter, not mandatory and thus this Court has no power to act.

A hearing having been held, and evidence and testimony taken, the court has incorporated its findings of fact and conclusions of law in the foregoing Opinion under F.R.Civ.P. 52.

### ORDER

And now, February 13, 1969, Plaintiff's Motion for Preliminary Injunction is denied and the Motion of Defendant to Dismiss the Complaint for lack of jurisdiction is granted.