**Max Hyman SCHWARTZ**

v.

**LOCAL BOARD NO. 23, SELECTIVE SERVICE SYSTEM, etc., et al.**

**Civ. A. No. 6144.**

United States District Court
W. D. Kentucky.

Feb. 20, 1969.

T. R. Fitzgerald, Louisville, Ky., for plaintiff.

Ernest W. Rivers, U. S. Atty., Philip I. Huddleston, Asst. U. S. Atty., Louisville, Ky., for defendant.

## ORDER

JAMES F. GORDON, District Judge.

This matter having come on in open court on February 20, 1969 on plaintiff's motion for a temporary restraining order and preliminary injunction, in order to block his induction into the armed forces presently scheduled for February 25, 1969, and the Court having heard arguments of counsel, Hon. T. R. Fitzgerald for the plaintiff and Hon. Philip I. Huddleston, Assistant U. S. Attorney, and the Court being otherwise sufficiently advised, does hereby issue the following ruling:

In determining the issue of whether or not jurisdiction lies in this District Court in granting the preliminary injunction, the Court meets head on the statutory provisions of the Military Selective Service Act of 1967, 50 U.S.C. § 460(b) (3), which provides,

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution in-

stituted under Section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: Provided, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

In interpreting and applying the statutory provision above, the Court relies on two companion Supreme Court cases of Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, and Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418. It is the Court's opinion that the decision in Oestereich v. Selective Service is strictly limited to grant jurisdiction only in cases where there is specific statutory exemption provided, with no discretion lying in the Selective Service Board.

 In contrast, the instant case, as the case of Clark v. Gabriel, is distinguishable from the Oestereich opinion, in that both involved a mere deferment of the student's obligation. Section 6(h) (1) directs the President "under such rules and regulations as he may prescribe" to defer students. Necessarily, the instant case requires discretion on the part of the Selective Service Board in the classification of this student, and to allow pre-induction judicial review of such a determination would be to permit precisely the kind of "litigious interruptions of procedures to provide necessary military manpower" (113 Congressional Record 8052), which Congress sought to prevent when it enacted Section 10(b) (3).

Accordingly, it is hereby ordered and adjudged that the motion of plaintiff be and the same is hereby overruled, and the motion of defendant to dismiss the action be and the same is hereby sustained.