**James E. FOLEY, Plaintiff-Appellant,**

v.

**Lewis B. HERSHEY, Director of Selective Service, et al., Defendants-Appellees.**

**No. 17438.**

United States Court of Appeals
Seventh Circuit.

April 8, 1969.

Rehearing Denied May 9, 1969.

---

Robert L. Henn, Daniel R. Paladino, Bruce J. Winick, Bloomington, Ind., for plaintiff-appellant.

Morton Hollander, Ralph R. Fine, U. S. Dept. of Justice, Civil Division, Washington, D. C., K. Edwin Applegate, U. S. Atty., Indianapolis, Ind., William D. Ruckelshaus, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before SWYGERT, FAIRCHILD and CUMMINGS, Circuit Judges.

PER CURIAM.

Plaintiff is a second-year graduate student in English at Indiana University, Bloomington, Indiana. He is seeking a declaratory judgment and other relief entitling him to a I–S Selective Service System classification. Plaintiff completed his college studies before enactment of the Selective Service Act of 1967, and thus he has had no deferment as an undergraduate since its enactment. During his first year of graduate study, he held a II–S deferment which expired in June 1968. He was then classified I–A and later ordered to report for induction on February 24, 1969. In this pre-induction suit, he claims that his Local Board improperly refused to grant him an end-of-school-year I–S deferment under Section 6(i) (2) of the Military Selective Service Act of 1967 (50 U.S.C. App. § 456 (i) (2)).[1] The district court concluded that the Local Board made no "clear departure from the statutory mandate" and that plaintiff was therefore barred from pre-induction judicial review by Section

1. Section 6(i) (2) provides:

"Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier: *Provided*, That any person who has heretofore had his induction postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948; or any person who has heretofore been deferred as a student under section 6(h) of such Act; or any person who hereafter is deferred under the provision of this subsection, shall not be further deferred by reason of pursuit of a course of instruction at a college, university, or similar institution of learning *except as may be provided by regulations* prescribed by the President pursuant to the provisions of subsection (h) of this section. Nothing in this paragraph shall be deemed to preclude the President from providing by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces or training in the National Security Training Corps of any category or categories of students for such periods of time as he may deem appropriate."

10(b) (3) of the Act (50 U.S.C. App. § 460(b) (3)).[2]  We reverse.

■■  In Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, it was held that Section 10(b) (3) should not be given a literal reading and does not apply where there has been "a clear departure by the [Local] Board from its statutory mandate."  The parties here have agreed on the controlling facts, and only a question of statutory construction is before us.  Under *Oestereich*, we conclude that there is no bar to pre-induction judicial review here.

■  For the reasons ably expressed in Carey v. Local Board No. 2, 297 F. Supp. 252 (D.Conn.1969), we agree that plaintiff is entitled to a I–S classification.[3]  Therefore, defendant Local Board No. 172 is ordered to reclassify him I–S as of April 8, 1969, and until the end of his academic year.[4]  This Court's February 22, 1969, injunction against the induction of plaintiff is continued in effect until the Board complies with our reclassification order.

Reversed.

2.  Section 10(b) (3) provides:
    "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided*, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

3.  Bowen v. Hershey, 410 F.2d 962 (1st Cir. Mar. 26, 1969), reaches the same conclusion as the *Carey* case, but the Government advises us that it intends to ask the First Circuit to reconsider its decision.  But in Rich v. Hershey, 408 F.2d 944 (10th Cir. Mar. 27, 1969), Section 10(b) (3) was held to preclude pre-induction judicial review.

Several district courts have also considered this problem.  Thus Armendariz v. Hershey, 295 F.Supp. 1351 (W.D.Tex. Feb. 5, 1969), and Kravik v. Hershey, Civ. No. 580–69 (D.D.C. Mar. 11, 1969), reach the same result as the *Carey* case. However, the Government has been successful in Rosenfield v. Selective Service System, Local Board No. 19, 298 F.Supp. 276 (W.D.Pa. Feb. 13, 1969) ; Kaplysh v. Hershey, No. 69 Civ. 82 (N.D.Ohio Feb. 7, 1969) ; Schwartz v. Local Board, 298 F.Supp. 1238 (W.D.Ky. Feb. 20, 1969), and Minnis v. Commanding Officer, 298 F.Supp. 767 (S.D.N.Y. Feb. 17, 1969).  The Supreme Court denied applications for stays in Kaplysh, 393 U.S. 901, 89 S.Ct. 1007, 21 L.Ed.2d 214 and Schwartz, 393 U.S. 901, 89 S.Ct. 1029, 21 L.Ed.2d 214 (March 10, 1969).

4.  The I–S reclassification shall of course terminate if plaintiff ceases satisfactorily to pursue a full-time course of instruction before the end of his academic year.