Lawrence G. **WEPPLER**, Plaintiff,

v.

**Lewis B. HERSHEY**, as Director of Selective Service of the United States, **John H. Hammack**, as Director of Selective Service of the State of Illinois, **Harold Blackwell, Rene Jackson, Warren Robertson, Joseph Anderson** and **Henning Faradsen**, as Members of Selective Service Local Board No. 151, Waukegan, Illinois, Defendants.

No. 69 C 860.

United States District Court,
N. D. Illinois, E. D.

June 3, 1969.

---

William J. Stevens, Chicago, Ill., for plaintiff.

Thomas A. Foran, U. S. Atty., for defendant.

ROBSON, District Judge.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The defendants in this suit for mandamus, declaratory relief and injunction have moved to dismiss. The plaintiff has also moved for summary judgment. For the reasons set forth below, this court is of the opinion that the motion to dismiss should be denied, and the motion for summary judgment should be granted.

The plaintiff is a third-year law student at Loyola University. During the academic year 1967–1968, he was classified by the defendant Selective Service Local Board No. 151, in Waukegan, Illinois, in Class II–S. On November 6, 1968, the plaintiff was reclassified I–A. In January, 1969, he was given a physical examination and found to be fit for service. On April 3, 1969, the defendant Local Board No. 151 sent the plaintiff an order to report for induction on April 28, 1969. On April 7, 1969, he asked the Local Board to grant him a I–S deferment, which would hold off induction until the end of the academic year. The defendant Local Board No. 151, on April

18, 1969, postponed his induction until the first induction call after August 31, 1969. This postponement will allow him to graduate from law school on June 8, and take the Illinois Bar Examination on August 19, 20 and 21, 1969. Both the state and national offices of the Selective Service System have declined to modify the Local Board's denial of a I–S classification. The parties have stipulated to the above facts, and have further stipulated that the plaintiff has not been deferred as a student under Section 6(i) (2) of the Selective Service Act of 1948 prior to July 1, 1967, or at any other time, that the plaintiff has not had any postponement of his induction under Section 6(i) (2), and has not been granted a I–S deferment under the Military Selective Service Act of 1967. 50 App.U.S.C. § 456(i) (2).

The Supreme Court has recently held that pre-induction judicial review is permissible under certain circumstances. Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Where there is "a clear departure by the [Local] Board from its statutory mandate," judicial review is proper. Id., at 238, 89 S.Ct. at 416. On April 8, 1969, the Seventh Circuit Court of Appeals held that judicial review is proper prior to induction in cases involving I–S classifications, such as the one before this court. Foley v. Hershey, 409 F.2d 827, (7th Cir. 1969). The court said, at 829:

"For the reasons ably expressed in Carey v. Local Board No. 2, 297 F.Supp. 252 (D.Conn.1969), we agree that plaintiff is entitled to a I–S classification. Therefore, defendant Local Board No. 172 is ordered to reclassify him I–S as of April 8, 1969, and until the end of his academic year. This Court's February 22, 1969, injunction against the induction of plaintiff is continued in effect until the Board complies with our reclassification order."

The Carey case, as well as the Foley case, concerned graduate law students who had received II–S classifications prior to

their requests for I–S classifications, as is the case with the present plaintiff. The Local Boards there, as here, relied on the regulation promulgated by the National Headquarters, which says that anyone who had received a II–S classification at any time would be ineligible for a I–S. 32 C.F.R. § 1622.15(b). The Carey court, supra, whose reasoning was adopted fully by the court in Foley, supra, held that this regulation violated the plaintiff's "clear statutory right to a I–S deferment [which was] not subject to local board discretion." Carey v. Local Board No. 2, supra, 297 F.Supp. at 260. The fact that the plaintiff here is a third-year graduate student does not affect his right to a I–S classification, since the statute speaks in terms of "[a]ny person * * * satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution." The stipulation shows that the plaintiff fulfills this requirement. The conclusion cannot be avoided that this plaintiff, at the time he requested a I–S classification, was entitled, as a matter of right, to this I–S classification. The Local Board disregarded the "clear statutory mandate," and, therefore, acted without authority. The induction order which resulted from this illegal act of the Local Board would seem to be similarly unwarranted.

The defendants argue, however, that since this plaintiff has had his induction stayed until after August 31, 1969, that the need for a I–S has evaporated and the plaintiff will not be injured by what might even be conceded to be an illegal act of the Local Board, since the requested I–S would run out on June 8, 1969, the date of plaintiff's graduation. But the plaintiff does stand to be injured so long as the induction order remains outstanding. The plaintiff could not, if he so chose, fulfill his military obligation with a Reserve unit of the armed forces or the National Guard. 32 C.F.R. § 1622.13(f) (1). In addition, with an induction order outstanding, the Local Board can only reopen the registrant's classification to grant a I–S where the

registrant's status has changed due to circumstances beyond his control. 32 C.F.R. § 1625.2 and § 1625.3. The plaintiff points out that this would prevent him from obtaining a job which might or could entitle him to an occupational deferment, since such an occurrence is not beyond the registrant's control.

If, however, the Board, under direction of this court, grants plaintiff a I–S classification as of the date of this order, as was done in Foley v. Hershey, *supra*, he may be subject to induction sooner than the time now set. This is plaintiff's risk.

It is therefore ordered that the defendant's motion to dismiss be, and it is hereby denied.

It is further ordered that the plaintiff's motion for summary judgment be, and it is hereby granted.

It is further ordered that the defendant Local Board No. 151 reclassify the plaintiff I–S as of June 3, 1969, and until the end of the academic year.

It is further ordered that this case be, and it is hereby dismissed.