**Robin Morris GREEN, Petitioner,**

v.

**Lewis B. HERSHEY, Director of Selective Service, et al., Defendants.**

**Civ. A. No. 5–622.**

United States District Court
N. D. Texas,
Lubbock Division.

June 11, 1969.

Mark Smith Lubbock, Tex., for petitioner.

Eldon B. Mahon, U. S. Atty., and Wm. L. Johnson, Jr., Asst. U. S. Atty., Fort Worth, Tex., for defendants.

## MEMORANDUM OPINION

WOODWARD, District Judge.

Petitioner seeks relief against the Director of the Selective Service System of the United States, the State Director of the Selective Service, and Local Board No. 52 at Pampa, Texas, asking that the Defendants be restrained and enjoined from inducting him into the Armed Forces of the United States of America and asking for declaratory judgment to the effect that he should be classified by his Draft Board as I–S under the terms of Section 6(i) (2) of the Military Selective Service Act of 1967. A hearing was held in Amarillo, Texas, before the United States District Court for the Northern District of Texas on the 2nd day of June, 1969, and after hearing the evidence and argument of counsel and after a consideration of the briefs of each party to this litigation, the Court is of the opinion that the judgment hereinafter contained should be rendered by the Court.

This opinion together with the stipulations of the parties will constitute the findings of fact and conclusions of law of this Court.

Petitioner, during the years 1963 through 1967, was an undergraduate student and for each of said years received a II–S undergraduate student deferment under the provisions of the Universal Military Training and Selective Service Act of 1951. In September of 1967 Petitioner entered and enrolled at the Law School of Texas Technological College at Lubbock, Texas, and is now classified as a third-year law student, who is satisfactorily pursuing a full-time course of instruction. In the fall of 1967, during his first year at this law school, Petitioner received a deferment as a graduate student under the provisions of the Selective Service Act of 1967 ("Graduate II–S"). Following the expiration of his graduate II–S deferment the Petitioner was reclassified I–A and after several unsuccessful appeals he was finally ordered, on April 16, 1969, to report for induction on the 12th day of May, 1969. Subsequently the date for induction was postponed to June 5, 1969.

Petitioner claims that he is entitled to a I–S classification as a matter of right under the provisions of Section 6(i) (2) of the Selective Service Act of 1967.

Defendants have answered the Petitioner's complaint asserting that this Court has no jurisdiction and that the I–S classification should not be given Petitioner because he is ineligible for such a classification under the provisions of Section 6(i) (2) of the 1967 Act.

There was no evidence as to which Section of the 1967 Act Petitioner's deferment arose. The Local Board merely followed the regulations set out in section 1622.26, Title 32 of the Code of Federal Regulations in classifying Petitioner II–S for his activity in graduate study. This regulation provides three types of graduate II–S deferments, two of which are relevant to this case:

1. For students satisfactorily pursuing a course of graduate study in medicine, dentistry, veterinary medicine, osteopathy or optometry, or in such other subjects necessary to the maintenance of the national health, safety or interest. § 1622.26(a).

2. For students enrolled or accepted for admission for graduate or pro-

fessional school on October 1, 1967, a II–S deferment is permissible for one academic year only or until he ceases satisfactorily to pursue such course of instruction whichever is the earlier. § 1622.26(b).

The above regulations as set forth in Executive Order No. 11360, 2 U.S. Code Cong. & Ad. News, p. 3497 (90th Congress, 1st Sess., July 4, 1967), were issued pursuant to the authority vested in the President by the Act of 1967. Under Section 6(h)(2) of the Act the President may provide by rules and regulations deferments for students "whose activity in graduate study, research, or * * * other endeavors is found to be necessary to the maintenance of the national health, safety, or interest." Under the terms of Section 6(i) (2), which provides for I–S deferments for the academic year only, the President may provide by Executive Order deferments under Section 6(h) for any "category or categories of students for such periods of time as he may deem appropriate."

It has been these two sections of the Act of 1967 which give the President authority to create student deferments that have created a problem when it comes to determining if a graduate student like the Petitioner in this case, should be awarded a I–S as a matter of right. To obtain a I–S deferment for the academic year under Section 6(i) (2) all Petitioner must show is that at the time he was ordered for induction he was "satisfactorily pursuing a full-time course of instruction" at a college, university or similar institution." This deferment is to be granted as a matter of right unless Petitioner comes within the three exceptions listed in Section 6(i) (2). Neither Defendants nor Petitioner have suggested to the Court that Petitioner received a deferment under the 1948 Act which would preclude his right to a I–S.

The only other exception to the automatic I–S deferment provides that if Petitioner had heretofore been deferred under the provisions of this section of the 1967 Act, that he shall not be fur-ther deferred by reason of his graduate enrollment. The problem under this exception is this: If Petitioner's graduate II–S deferment was authorized by the regulations pursuant to Section 6(h) (2) then he has never received a deferment under 6(i) (2) and so he is not within the exceptions; however, if his graduate II–S deferment was authorized by the regulations pursuant to Section 6(i) (2)' then the exception would apply and Petitioner would have no deferment as a matter of right for the academic year. Needless to say the Courts are divided on this question. One line of cases rejects Petitioner's right to a I–S deferment for the academic year. Rich v. Hershey, 408 F.2d 944 (10th Cir., Apr. 1, 1969), Rosenfield v. Local Board No. 19, 298 F.Supp. 276, W.D.Pa., Feb. 13, 1969, Kalish v. Hershey, CA #69–82, N.D.Ohio, Feb. 7, 1969; *contra*: Foley v. Hershey, 409 F.2d 827 (7th Cir., Apr. 8, 1969), Armendariz v. Hershey, 295 F.Supp. 1351 (W.D.Tex. 1969), Carey v. Local Board No. 2, 297 F.Supp. 252 (D. Conn., Feb. 13, 1969). At this time the Government has taken an appeal, to the Fifth Circuit seeking reversal of *Armendariz*, supra.

The Court is of the opinion that Petitioner received his II–S graduate deferment for the academic year 1967–68 pursuant to Section 1622.26(b) and that this regulation was issued under the authority of Section 6(i) (2) of the Act of 1967 which authorizes the President to prescribe regulations for deferments for any category of students "for such periods of time as he may deem appropriate." Thus the graduate II–S deferment received in the fall of 1967 was given and granted to Petitioner solely upon the authority granted by Congress to the President under Section 6(i) (2) of the Act of 1967, and having received such previous deferment under such section, Petitioner is not entitled to further deferment thereunder.

Such a construction of the Selective Service Act does little violence to the Statute and is consistent with the legislative intent with respect to deferment

for graduate students. See 113 Cong. Rec. 15.424, (Statements of Senator Russell). Moreover the legislative history of the Selective Service Act of 1967 confirms the statutory intent to limit graduate II–S deferments in Section 6(h) (2) chiefly to the medical-dental profession, see 1 U.S.Code Cong. & Ad. News, pp. 1329–30 (90th Cong., 1st Sess., 1967). Finally as a practical matter Petitioner and other graduate students who had undergraduate II–S deferments under the Act of 1951 and began graduate school under the Act of 1967 are the only students caught in the middle of the two Acts. Those students already in graduate school as of October 1, 1967, could maintain their graduate II–S status to complete their degree requirements. 32 C.F.R. § 1622.26(b). While those presently attending undergraduate college who received an undergraduate II–S deferment under the Act of 1967 could never obtain a graduate II–S deferment for studies outside the medical-dental profession or a I–S deferment for the academic year. 50 U.S.C. App. § 456(h) (1). Though there is no expressed intent as to exactly why the President provided in Executive Order No. 11360 for a one-year deferment for beginning graduate students in Petitioner's position, this Court can only assume that it was meant to take care of their special problem of having been caught in the middle of the two Acts. Without this Executive Order they may have been subject to Military Service immediately. This grace period, however, gave them an opportunity to get their academic programs in order at least allowing those who have had a prior II–S and I–S to complete the academic year, 1967–68. Under these circumstances it is reasonable to conclude that Congress and the President did not want to pyramid the available graduate deferments to further delay, other than what was fair and necessary, the eligibility of those for military service. In other words this was a deferment ordered by the President pursuant to Section 6(i)

(2) "for such periods of time as he may deem appropriate."

Accordingly, Petitioner's plea for relief will be denied and judgment will be entered accordingly.