Mark T. STEVENSON, Plaintiff,

v.

SELECTIVE SERVICE SYSTEM LOCAL BOARD NO. 157, LINCOLN, ILLINOIS; Selective Service System Local Board No. 62, Rock County, Wisconsin; Selective Service System Appeal Board for the State of Illinois, Southern District; Selective Service System; and Lewis B. Hershey, as National Director of the Selective Service System, Defendants.

No. 69–C–19.

United States District Court
W. D. Wisconsin.

Sept. 11, 1969.

Sander N. Karp, Madison, Wis., for plaintiff.

Edmund A. Nix, U. S. Atty., John E. Clarke, Asst. U. S. Atty., Roderick Lippert, Atty., Selective Service System, Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

 Simultaneously with the filing of the complaint herein, plaintiff moved for a temporary restraining order. Hearing on the motion for a temporary restraining order was held, and a tempo-

rary restraining order was entered enjoining defendants from ordering the plaintiff to report for induction into the armed services of the United States. A further hearing on the question whether the convening of a three-judge district court would be necessary was held. I have since determined that this is not a proper case for a three-judge district court under 28 U.S.C. § 2282.

Defendants have filed a motion to dismiss.

From the complaint, the truth of which the court assumes for the purpose of deciding the motion to dismiss, it appears that the plaintiff is enrolled at Antioch College as a student and is satisfactorily pursuing a full time course of undergraduate instruction; that he has not yet reached his twenty-fourth birthday; that he has not yet received a baccalaureate degree; that on July 6, 1966, he had been classified II-S by his local board (No. 157, Lincoln, Illinois); that on October 16, 1967, plaintiff returned his registration card to the Attorney General of the United States as an expression of dissent from United States involvement in the Vietnam war; that on October 18, 1967, the local board at Lincoln again classified him II-S; that on February 14, 1968, the local board at Lincoln mailed him notices that he had been classified I-A Delinquent; upon information and belief, that the sole reason for his classification as I-A Delinquent was that he had abandoned his registration card; that he appeared before the local board at Lincoln; that the local board continued him in the I-A Delinquent classification; that the Illinois State Appeal Board classified him I-A Delinquent November 20, 1968; that on December 19, 1968, he was ordered to report January 30, 1969, for induction; that his request for a transfer to local board No. 62 (Janesville, Wisconsin) for induction was granted; that he was then ordered to report at Janesville for induction February 12, 1969. The order to report for induction February 12, 1969, was stayed by the temporary restraining order entered herein.

The basis for defendants' motion to dismiss is that this court lacks jurisdiction, as stated in § 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 460(b) (3), which reads in part:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, of the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction * * *."

The "classification or processing" of a registrant is involved here. Plaintiff has not "responded either affirmatively or negatively" to the order to report for induction. No criminal prosecution has been instituted against him.

The language of § 10(b) (3) must be considered, however, in light of the decision of the United States Supreme Court in Oestereich v. Selective Service Bd. No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L. Ed.2d 402 (1968). *Oestereich* involved a theological student holding a IV-D classification who turned in his draft card as an expression of dissent from United States participation in the war in Vietnam. He was subsequently declared delinquent by his local board, reclassified I-A and, after his administrative appeals had been exhausted, ordered to report for induction. The Supreme Court found that Oestereich was entitled to a statutory exemption from military service by virtue of section 6(g) of the Military Selective Service Act of 1967, 81 Stat. 104, and that his board had acted in a "basically lawless" fashion (393 U. S., at 237, 89 S.Ct. 414) in denying him an exemption to which he was clearly entitled. Pre-induction judicial review should be granted notwithstanding section 10(b) (3), said the Court, because the Board's action involved

"* * * a clear departure by the Board from its statutory mandate. To hold that a person deprived of his statutory exemption in such a blatant-

ly lawless manner must either be inducted and raise his protest through habeas corpus or defy induction and defend his refusal in a criminal prosecution is to construe the Act with unnecessary harshness." 393 U.S., at 238, 89 S.Ct., at 416.

In Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969), in which the application of the delinquency regulations was not involved, it was held that § 10(b) (3) is not a bar to pre-induction judicial intervention in behalf of a graduate student who had been unlawfully denied a I-S deferment. I do not believe that the present case can be distinguished from *Foley* on the ground that *Foley* involved a I-S classification while this involves II-S. The statutory right to both I-S and II-S deferments is clear. With respect to I-S deferments, the Military Selective Service Act of 1967 says that registrants who qualify "shall * * * be deferred", § 6(i) (2); with respect to II-S deferments, it says "the President shall, under such rules and regulations as he may prescribe, provide for the deferment * * *" § 6(h) (1).

Thus, under *Oestereich*, § 10(b) (3) is no bar to pre-induction judicial intervention when an exemption is involved, and when the application of the delinquency regulations to a registrant is also involved. Under *Foley*, undertaking to apply *Oestereich*, § 10(b) (3) is no bar to pre-induction judicial intervention when a student deferment is involved, and when the application of the delinquency regulations to a registrant is not involved. The question in the present case is whether, when the application of the delinquency regulations is involved, and when a student deferment *rather than* an exemption is involved, § 10(b) (3) is a bar to pre-induction judicial intervention. Put otherwise, when the application of the delinquency regulations is involved, does the *Oestereich* doctrine govern student deferment situations as well as exemption situations?

Defendants rely upon Breen v. Selective Service Local Bd. No. 16, 406 F.2d

636 (2d Cir. 1969), in which the question was squarely faced. *Breen* decided that the *Oestereich* doctrine does not reach a student deferment situation in which the delinquency regulations are applied. Both exemptions and student deferments are rooted in the Military Service Act. The exemption for theological students (which was the type of exemption involved in *Oestereich*) is expressly and directly provided by § 6(g), 50 U.S.C.App. § 456(g); while § 6(h) (1), 50 U.S.C.App. § 456(h) (1) directs that the President "shall" provide a deferment for those who pursue full time studies, have not received a baccalaureate degree, and have not attained age twenty-four. However, the exact language of § 6(h) (1) is that "Except as otherwise provided in this paragraph, the President shall, under such rules and regulations as he may prescribe, provide for the deferment" of undergraduate students. In *Breen*, the majority considered decisive the words "under such rules and regulations as he may prescribe". 406 F.2d, at 638. It observed that the President had carried out the statutory mandate by promulgating a regulation creating a II-S deferment for undergraduates, § 1622.25, and that he had also promulgated a regulation authorizing their removal from that classification on a declaration of delinquency, § 1642.12. The majority concluded that the action of the local board in declaring Breen delinquent and reclassifying him from II-S to I-A was not "basically lawless", *Oestereich*, at 237, 89 S.Ct. 414, and that § 10(b) (3) required dismissal of Breen's pre-induction suit.

In dissent in *Breen*, Judge Feinberg said (406 F.2d, at 642):

"[M]y brothers rely on that portion of section 6(h) (1) which qualifies the statutory command for student deferments as subject to 'such rules and regulations as [the President] may prescribe.' But that clause is itself qualified by the introductory phrase in the first sentence, 'Except as other-

wise provided in this paragraph.' The paragraph does, as already noted, otherwise provide both that student deferments shall continue until the occurrence of specified events and also that such deferments shall not be 'substantially restricted' by the President unless he finds that 'the needs of the Armed Forces' require it. The former limitation is not relied on by the Government. As to the latter, I see no such finding in Executive Order No. 11360, 32 Fed.Reg. 9787, 9794 (1967), relied on by the majority. Moreover, it would seem that authority to promulgate 'rules and regulations' would extend only to those which would sensibly be relevant to the deferment, e.g., the obtaining of certain grades, referred to by the majority, the furnishing of proof of bona fide undergraduate status, or the definition of a 'full-time' student. My brothers also rely on the fleeting reference in the last sentence of section 6(h) (1) to 'delinquents,' which does not deserve the significance attributed to it. The Selective Service System made a similar argument in *Oestereich* without success. Finally, the fact that the requirement of continued possession of a registration certificate serves a legitimate purpose is beside the point. The underlying issue is whether the proper agency to 'punish' transgressions of that rule is a court, under traditional safeguards, or an unfettered draft board, consisting of 'part-time uncompensated members,' in a proceeding essentially 'nonjudicial.' 393 U.S. at 243, 89 S.Ct. at 419 (Harlan, J.)."

■ For the reasons expressed by Judge Feinberg in *Breen,* I conclude that the present case is governed by *Oestereich,* and that § 10(b) (3) cannot be construed so as to bar pre-induction judicial intervention in a situation of this kind.

Upon the basis of the entire record herein, the defendants' motion to dismiss is hereby denied.