John BARKER, Plaintiff,

v.

Lewis B. HERSHEY, Director of Selective Service of the United States; Colonel Bentley Courtenay, Director of Selective Service, State of Wisconsin; Major General George B. Bennett, Director of Selective Service, State of Idaho; Selective Service System Local Board 28, Coeur d'Alene, Idaho; Selective Service System Transfer Board, Oneida County, Wisconsin, Defendants.

No. 69-C-295.

United States District Court
W. D. Wisconsin.

Dec. 5, 1969.

Harry F. Peck, Jr., Milwaukee, Wis., for plaintiff.

John O. Olson, U. S. Atty., Madison Wis., for defendants.

## OPINION AND TEMPORARY RESTRAINING ORDER

JAMES E. DOYLE, District Judge.

This is an action in which the plaintiff seeks injunctive relief to prevent the defendants from inducting him into the armed forces and a declaratory judgment that defendants have deprived plaintifi of certain rights under the Military Selective Service Act of 1967 and the Selective Service Regulations. The plaintiff has been ordered to report for induction December 8, 1969. He has applied for a temporary restraining order preventing his induction. A hearing has been held on the plaintiff's application for a temporary restraining order and this order is confined to that application.

Plaintiff advances two reasons why he should be granted a temporary restraining order. First, he contends that defendant Local Board 28 unlawfully refused to give him a I–S(C) classification although he met the requirements of Selective Service statutes and regulations making him eligible for such a classification. Secondly, plaintiff contends that defendant Local Board 28 unlawfully refused to reopen his I–A classification while considering whether new information plaintiff had presented entitled him to be classified as a conscientious objector.

I have this date determined from the bench that plaintiff has not made a sufficient showing of probable success with respect to the contention of unlawful denial of a I–S(C) classification to

entitle him to a temporary restraining order on the basis of that contention. I now move to consider whether plaintiff's second contention justifies the issuance of a temporary restraining order.

The allegations of the complaint relative to plaintiff's second contention—which allegations were undisputed by defendants at the hearing on the temporary restraining order—show that plaintiff was placed in class I–A by his local board on October 22, 1968; that plaintiff appealed from this classification; that the State of Idaho Selective Service System Appeal Board notified plaintiff on May 13, 1969, that he was to remain classified I–A; that on May 19, 1969, plaintiff informed Local Board 28 by letter that he was conscientiously opposed to any participation in any war in any form by reason of his religious training and belief; that plaintiff claimed he was entitled to be classified I–O because he was a conscientious objector; that plaintiff completed Selective Service Form 150 and submitted other, additional information to his local board in order more fully to explain his beliefs; that on June 26, 1969, Local Board 28 notified plaintiff that they had reviewed his file and refused to reopen his classification; that on August 26, 1969, said local board granted plaintiff a personal interview to allow him more fully to explain his request for a conscientious objector classification; that on August 26, 1969, after the personal interview, plaintiff was notified by his local board that his classification would not be reopened; that on August 29, 1969, plaintiff's local board sent him an order to report for induction on September 11, 1969; and that after certain transfers and postponements of said induction order, plaintiff was ordered to report for induction December 8, 1969, by defendant Selective Service Transfer Board of Oneida County, Wisconsin.

■ Several Courts of Appeals have determined that a registrant under the Selective Service System is entitled to have his classification reopened if he presents information on a change in his beliefs to his local board which, if true, would entitle him to a reclassification. After the local board reopens the classification it may consider the registrant's claim and place him in his old classification if it finds that he is not entitled to be classified as a conscientious objector. Selective Service Regulations §§ 1625.2, 1625.11. All the registrant need do is make a prima facie showing that his beliefs are such as to entitle him to a conscientious objector classification. See *United States v. Freeman,* 388 F.2d 246 (7th Cir. 1967); *Petrie v. United States,* 407 F.2d 267 (9th Cir. 1969); *Mizrahi v. United States,* 409 F.2d 1219 (9th Cir. 1969). *Contra,* see *United States v. Mulloy,* 412 F.2d 421 (6th Cir. 1969).

In *Freeman, supra,* the Court of Appeals for the Seventh Circuit approved of a Fifth Circuit decision which supported the right of a registrant to have his reclassification reopened under circumstances similar to those in the case at bar.

"The Fifth Circuit in *Olvera v. United States,* 223 F.2d 880, held that a Local Board may not arbitrarily refuse to open a registrant's classification where he presents new information which, if true, would require reclassification. The holding was based on the court's view that the refusal to reopen denied a registrant his right of appeal and violated the 'concepts of basic fairness which underlie all our legislation.' *Simmons v. United States,* 348 U.S. 397, 405, 75 S.Ct. 397, 402, 99 L.Ed. 453.

We think the *Olvera* decision is correct because the procedural framework of the draft classification process and the narrowly limited judicial review available to draft registrants make adherence to procedural safeguards crucial to the maintenance of basic fairness." 388 F.2d at 248.

The fact that a registrant is not given the right to appeal to the state appeal

board from a local board's refusal to re-open his classification denies him due process of law, according to the court opinions cited above. *Freeman, supra,* 388 F.2d at 250; *Petrie, supra,* 407 F.2d at 275.

That plaintiff must have made a prima facie showing that he was entitled to be classified as a conscientious objector can be seen in the fact that his local board granted him a courtesy interview to explain his beliefs more fully after initially refusing to grant him a I–O classification.

Upon the basis of the entire record herein, I find that if the defendants are not restrained from requiring plaintiff to report for induction into the armed forces on December 8, 1969, either he will be required to submit to induction or he will be required to expose himself to criminal prosecution for failure to report. I find that, in either event, plaintiff will sustain irreparable harm, and that no adequate remedy at law is available to him to vindicate his asserted right to have his I–A reclassification reopened and to enjoy the procedures attendant upon such reopening under the Selective Service Act.

I find that there is a reasonable chance that plaintiff may ultimately prevail in this action with respect to his contention that refusal to reopen his classification upon presentation of his conscientious objector claim was unlawful.

Upon the basis of the entire record herein, it is hereby ordered that until further order of the court the defendants, their agents, assistants, successors, employees, attorneys and all persons acting in concert or cooperation with them or at their direction, are restrained and enjoined from ordering the plaintiff to report for induction into the armed services of the United States and from inducting him into the armed services of the United States.