Perry WILLIAMS, individually and on behalf of those similarly situated, Plaintiff,

v.

Lewis B. HERSHEY, as National Director of the Selective Service System; Dane County Local Board No. 13, Madison, Wisconsin; Local Board No. 72, Montgomery, Alabama; and Their Agents, Assistants, Successors, Employees, Attorneys, and All Persons Acting In Concert Or Cooperation With Them, Defendants.

No. 69–C–105.

United States District Court
W. D. Wisconsin.

Dec. 23, 1969.

Sander N. Karp, Madison, Wis., for plaintiff.

John O. Olson, U. S. Atty., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

In this action plaintiff seeks a declaration that defendants have unlawfully refused to grant him a I–S(C) classification pursuant to the Military Selective Service Act of 1967 and that an order to report for induction sent to plaintiff is invalid. Plaintiff requests that defendants be enjoined from ordering him to report for induction until such time as he is sent a lawful induction order.

On June 12, 1969, plaintiff moved for summary judgment. Partial summary judgment was granted on August 7, 1969, with the provision that plaintiff would not be foreclosed from amending his complaint and thereafter renewing his motion for summary judgment. Plaintiff has since moved to amend his complaint and has renewed his motion for summary judgment.

Plaintiff's motion to amend his complaint is granted. Rule 15(a), F.R. Civ.P.

From the pleadings and affidavits on file herein, I find that there is no genuine issue as to the following facts: On June 25, 1968, plaintiff was classified I–A by defendant Local Board No. 72. During November, 1968, plaintiff was ordered to report for induction on December 6, 1968. Plaintiff had this induction order transferred to defendant Dane County Local Board No. 13, which subsequently ordered plaintiff to report for induction on March 3, 1969. This latter induction order was subsequently postponed but it has not been cancelled. During a period from approximately September, 1968, to June, 1969, plaintiff was a registered graduate student at the University of Wisconsin in Madison, Wisconsin, satisfactorily pursuing a full-time course of studies. On April 29, 1969, plaintiff requested Local Board No. 72 to reclassify him I–S(C) pursuant to § 6(i) (2) of the Selective Service Act. This request was denied on May 2, 1969.

On the basis of Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969), and Liethen v. Hershey, 69–C–43 (W.D.Wis., May 16, 1969), plaintiff was granted partial sum-

mary judgment on August 7, 1969, as follows:

"It is declared that plaintiff was unlawfully denied reclassification from I–A to I–S(C) when he requested it April 29, 1969, and when the request was denied May 2, 1969."

It is not clear what classification plaintiff is presently entitled to. In any case, had plaintiff received a I–S(C) classification in the spring of 1969, his right to remain in that classification would have expired with the end of the academic year in June, 1969. Thus, defendants argue, the fact that plaintiff was unlawfully denied a I–S(C) classification is now without legal significance and no further relief can be given. Defendants contend that the purpose of I–S(C) deferments is only to insure that a registrant's academic career is not disrupted in the middle of a school year; that the purpose is not to grant a registrant appeal or other rights. Since the plaintiff-registrant has in fact been able to finish his academic year, defendants argue that the court should consider the unlawful denial of the I–S(C) deferment to be a moot question.

■■■■ Plaintiff points out that the unlawful refusal to grant him a I–S(C) deferment has deprived him of substantial rights under selective service law: Since the outstanding induction order was not cancelled as it should have been had plaintiff been given a I–S(C) classification (see Selective Service Regulations §§ 1625.3(b) and 1625.14), plaintiff has not enjoyed the significantly broader rights to have a I–A classification reviewed and perhaps reopened that are enjoyed by a I–A registrant who is not subject to an order to report for induction. In order to have a classification reopened on the basis of a change in his status a registrant subject to an induction order must meet the greater burden of showing that the change in status resulted "from circumstances over which the registrant had no control." Selective Service Regulations §

1625.2. After a classification has been reopened, the registrant has the right to a personal appearance and the right to appeal from an adverse reclassification. Selective Service Regulations § 1625.11 and .13. Furthermore, the outstanding induction order would prevent plaintiff from joining an armed forces reserve unit or the National Guard. See Selective Service Regulations § 1622.13(f) (1).

Several courts have considered whether the unlawful denial of a I–S(C) becomes a moot issue once the academic year for which the I–S(C) was sought has expired. The majority of cases have held it does not become moot. See United States v. Rundle, 413 F.2d 329 (8th Cir. 1969); Turley v. Selective Service System, 301 F.Supp. 845 (C.D. Calif.1969); Weppler v. Hershey, 308 F. Supp. 447 (N.D.Ill., June 3, 1969). *Contra*, see Armendariz v. Hershey, 413 F.2d 1006 (5th Cir. 1969).

Defendants rely on a per curiam opinion of the Seventh Circuit Court of Appeals denying a motion for rehearing in Robinson v. Hershey, 2 SSLR 3191 (July 29, 1969), which involved facts similar to the case at bar. The court there apparently considered the mootness question and decided it adversely to the registrant. In short and somewhat cryptic fashion the court stated,

"Robinson has presented several motions, including one for rehearing of our order of July 14. He urges principally that he was entitled to a deferment rather than postponement of induction from March 12 to the end of the academic year and that certain avenues are available to a person deferred which are not open to one whose induction is merely postponed. There is no showing that he would have followed any of those avenues, and the time has now expired." 2 SSLR at 3191.

The affidavit of plaintiff Williams herein shows, however, that he followed a "certain avenue" during the time his I–S(C) deferment was being unlawfully

withheld. Defendants do not dispute plaintiff's averment that he sought to be classified as a conscientious objector in March of 1969 by sending Selective Service Form 150 entitled "Special Form for Conscientious Objector" to his local board. The local board apparently has not reopened plaintiff's classification to consider his request for conscientious objector status—an act it might be required to take if Form 150 presented new information and if plaintiff were not subject to a postponed induction order. See United States v. Freeman, 388 F.2d 246 (7th Cir. 1967) and Barker v. Hershey, 309 F.Supp. 277 (W.D.Wis., December 5, 1969).

Furthermore, the correct view may be that plaintiff does not have to show what avenues he would have taken if he had been granted the I–S(C) deferment. In Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955), which involved the failure to grant a registrant a fair resume of adverse information in an FBI report as required by the Universal Military Training and Service Act, the Supreme Court stated,

> "This is not an incidental infringement of technical rights. Petitioner has been deprived of * * * a fundamental safeguard, and he need not specify the precise manner in which he would have used this right—and how such use would have aided his cause—in order to complain of the deprivation." 348 U.S. at 405–406, 75 S.Ct. at 402.

■ I find that the unlawful refusal to classify plaintiff I–S(C) on May 2, 1969, has deprived him of substantial procedural and substantive rights, and that plaintiff is being presently deprived of some of these rights. Plaintiff's motion for summary judgment will be granted as set out below.

It is hereby declared

(1) that plaintiff was unlawfully denied reclassification from I–A to I–S(C) when he requested it April 29, 1969 and when the request was denied May 2, 1969; and

(2) that the order to plaintiff to report for induction on March 3, 1969, which has since been postponed, should have been cancelled pursuant to Selective Service Regulations §§ 1625.3(b) and 1625.-14 when plaintiff showed that he was entitled to a I–S(C) classification as a matter of law, and that consequently said induction order is invalid.

It is hereby ordered that defendants, their agents, assistants, successors, employees, attorneys and all persons acting in concert or co-operation with them or at their direction, are enjoined from inducting plaintiff into the armed services until such time as plaintiff is issued a valid order to report for induction.