George T. **EDWARDS**

v.

**LOCAL BOARD NO. 58.**

**Civ. A. No. 69–2062.**

United States District Court,
E. D. Pennsylvania.

May 26, 1970.

John David Egnal, Philadephia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., E.D.Pa., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

OPINION AND ORDER

HANNUM, District Judge.

This is a motion for a preliminary injunction, pursuant to Fed.R.Civ.P. 65, seeking to enjoin the allegedly unlawful induction of plaintiff into the Armed

Services of the United States until the defendant, Local Board No. 58 of the Selective Service System, properly determines his asserted right to a deferment. Pursuant to Fed.R.Civ.P. 65(a) (2) the trial of this action on the merits was advanced and consolidated with the hearing of this motion for a preliminary injunction.

Plaintiff is a full-time student at the Pennsylvania State University, having commenced his undergraduate education in September 1964, when he enrolled in an architectural program which required a five year course of study. Plaintiff continued in this program until January 1966, when he changed his major course of study and entered into an architectural engineering program. As a result of this program change plaintiff's date of graduation was postponed from June 1969, until June 1970.

However, pursuant to Section 6(h) (2) of the Selective Service Act of 1967[1] a registrant who is satisfactorily pursuing a full-time course of instruction at a college or university is only entitled to an undergraduate deferment until he (1) completes the requirement for his baccalaureate degree, (2) fails to pursue satisfactorily a full-time course of instruction, or (3) attains the twenty-fourth anniversary of the date of his birth, whichever occurs first.

Therefore, in March 1969, when plaintiff reached his twenty-fourth birthday, he was no longer entitled to an undergraduate student deferment. Thus, on June 20, 1969, the local board reclassified plaintiff I–A.

Subsequently, on July 1, 1969, plaintiff wrote to the local board and requested a student classification for the 1969–1970 academic year. The local board interpreted this letter as a request for an appeal and forwarded his file to the State Appeal Board on July 31, 1969. The Appeal Board unanimously classified plaintiff I–A, and on August 15, 1969, plaintiff was ordered to report for induction on September 5, 1969.

On August 29, 1969, plaintiff hand delivered a letter to the local board requesting that his classification be reopened and that he be classified I–S.[2] Upon the receipt of this written request, the plaintiff's file was forwarded to the State Director who, pursuant to 32 C.F.R. § 1632.2, has authority to postpone an induction. The State Director, after receiving the file declined to intervene and order a postponement of the induction. The Local Board itself never met to consider plaintiff's claim for a I–S. Upon learning that his induction would not be postponed plaintiff instituted this suit to restrain his induction.

In support of his motion, plaintiff makes two contentions: (1) that he is clearly entitled to a I–S deferment, pursuant to Section 6(i) (2) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 456(i) (2), and 32 C.F.R. § 1622.-15(b), and (2) that even if he does not have a statutory right to a deferment he is, at least, entitled to have the *local board* meet and consider whether or not he qualifies for a I–S deferment. In response to the complaint the defendant Local Board, relying upon Section 10(b) (3) of the Selective Service Act of 1967, 50 App.U.S.C. § 460(b) (3), asserts that this court lacks jurisdiction to decide either of these issues at this stage of the administrative process.

On its face Section 10(b) (3) of the Selective Service Act renders the Court powerless to grant a registrant

1. 50 U.S.C.App. § 451 et seq., enacted on June 30, 1967.

2. 32 C.F.R. § 1622.15(e) states:
"In Class I–S shall be placed any registrant who while satisfactorily pursuing a full-time course of instruction at a college, university or similar institution of learning and during his academic year at such institution is ordered to report for induction, except that no registrant shall be placed in Class I–S under the provisions of this paragraph
(1) who has previously been placed in class I–S thereunder or
(2) who has been deferred as a student in Class II–S and has received his baccalaureate degree.

relief from classification or procedure prior to induction except in a criminal proceeding. However, in Oestereich v. Selective Service System Local Bd., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) the Supreme Court rejected a literal reading of Section 10(b) (3) and recognized that there are exceptions to the seemingly unqualified language of the statute. See Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (Jan. 26, 1970); Hunt v. Local Board No. 197, 423 F.2d 576 (3d Cir. March 24, 1970). In *Oestereich, supra,* it was held that Section 10(b) (3) does not apply where there has been "a clear departure by the Board from its statutory mandate." However, Section 10(b) (3) does bar pre-induction review when the determination of the registrant's claim will entail "a determination of fact and an exercise of judgment," Clark v. Gabriel, 393 U.S. 256, 259, 89 S.Ct. 424, 426, 21 L.Ed.2d 418 (1968). In other words, it is clear that when the Selective Service administrative procedure is sufficiently irregular, pre-induction review, apart from that permitted in a criminal case, is warranted despite Section 10(b) (3) of the Act. Wiener v. Local Board No. 4, 302 F.Supp. 266 (D.Del.1969).

■ In the present case the plaintiff alleges that the failure of the board to meet and consider his claim for a I–S deferment was a clear violation of the applicable statute and regulations. Plaintiff's position is well taken. Pursuant to 32 C.F.R. § 1625.3(b) a local board must reopen and consider anew the classification of a registrant to whom it has issued an Order to Report for Induction whenever facts are presented to the local board which establish the registrant's eligibility for classification into Class I–S. Since the board is required to reopen and reclassify the registrant upon presentation of the necessary facts, it is obvious that they must meet as a board ﹨ at least *consider* whether or not facts ﹨ been presented which establish the ﹨ant's right to a I–S deferment. ﹨resent case the members of the

board never met to consider, discuss or vote as a board on the plaintiff's request to have his case reopened. This failure to meet and consider the plaintiff's claim is a clear violation of the requirements implicit in 32 C.F.R. § 1625.3(b) and 32 C.F.R. § 1604.52a(d). See United States ex rel. Berman v. Craig, 207 F.2d 888, 891 (3d Cir. 1953); United States v. Walsh, 279 F.Supp. 115 (D.Mass.1968). Therefore, since it is clear that the local board, in failing to meet and consider the new evidence presented by plaintiff, did not comply with the clear mandate of its own regulations, this court does have jurisdiction to enjoin plaintiff's induction until the local board meets and considers plaintiff's request for a I–S deferment.

■ In support of his first contention, that he has a statutory right to a I–S deferment, plaintiff cites Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969); Catano v. Local Board No. 94, 298 F.Supp. 1183 (E.D.Pa.1969) and Turley v. Selective Service System, Orange County, Calif., Local Board No. 134, 301 F.Supp. 845 (C.D.Calif.1969) as precedents which allegedly support the court's jurisdiction to decide this question, notwithstanding Section 10(b) (3) of the Act. In other words, plaintiff is requesting the court to rule that plaintiff, as a matter of law, has a statutory right, under the circumstances of this case, to a I–S deferment. However, all these cases are similar with respect to the I–S classification in that they involve students who were then and there attending classes so that it was uncontested that they had begun their academic year at the time they requested a I–S deferment. On the other hand, in the present case, the contested factual issue is whether or not the plaintiff had actually begun his academic year when he claimed his I–S deferment. Thus, in this case, the resolution of plaintiff's statutory right to a I–S deferment entails a determination of fact, to be made by the local board when it meets to consider plaintiff's claim, which pursuant to *Clark* precludes any pre-induction judicial review of this issue.

Thus, the Court is neither suggesting nor intimating that the classification of plaintiff should have been changed or should now be changed. The Court is, however, finding and ruling that the board must meet *to consider* the plaintiff's *claim* for a I–S classification before it may legally induct him into the Armed Services.

ORDER

And now, this 26th day of May, 1970, it is hereby ordered that:

1—Plaintiff's Motion for a Preliminary Injunction is granted, and

2—Local Board No. 58 is enjoined from inducting plaintiff into the Armed Services until it has met as a board to consider his request for a I–S deferment.