437 F.2d 1303
 Henry A. NOWAK, Appellant,
v.
Major General COLLINS, as Commanding General, United States Army, Fort Dix, New Jersey, and Selective Service System, Local Board No. 85, Buffalo, New York.
 No. 18878.
 United States Court of Appeals, Third Circuit.
 Argued December 7, 1970.
 Decided February 16, 1971.
 
 Michael N. Pollet, Karpatkin, Ohrenstein & Karpatkin, New York City, for appellant.
 John J. Finnegan, III, Asst. U. S. Atty., Camden, N. J., (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief), for respondents-appellees.
 Before ALDISERT, ADAMS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 This is an appeal from an Order of the District Court of New Jersey, dated February 26, 1970, dismissing appellant's petition for a writ of habeas corpus. In his petition, appellant seeks release from the United States Army, into which he was inducted on August 25, 1969. Our disposition of appellant's claim that his induction order was invalid turns on the resolution of two issues, both related to the I-S(c) deferment[1] to which appellant claims he was entitled at the time the induction order was originally issued:
 
 
 2
 (1) whether having received a II-S deferment after June 30, 1967 statutorily barred appellant from receiving a I-S(c) deferment following the issuance of the induction order; and
 
 
 3
 (2) whether appellant, at the time the induction order was issued, met the requirements for a I-S(c) deferment that he be "satisfactorily pursuing a full-time course of instruction".
 
 
 4
 The relevant facts have been stipulated. Appellant received his undergraduate degree in June 1964. He attended medical school during the 1964-65 school year. In September 1965 he enrolled in a master's program in education at the University of Buffalo, concentrating in the social sciences. In December 1965 the state Appeals Board granted him a II-S deferment. In current information questionnaires[2] completed in August 1965, March 1966, and June 1966, appellant informed his local board that his studies would be completed by January 1967. He received subsequent II-S classifications from his local board in December 1966 and December 1967, the latter of which he retained until June 1968. In the meantime, the estimated date of his graduation regressed, through several revisions, from January 1967 to January 1969. This substantial delay resulted from additional educational requirements for state certification, of which appellant had only gradually become aware.[3]
 
 
 5
 On June 19, 1968, appellant's local board classified him I-A. On July 17, 1968, appellant sent the board a letter requesting a II-S deferment and setting out in some detail the requirements for the provisional certificate, the undergraduate history major equivalent, and the master's program itself.
 
 
 6
 On September 19, 1968, the University advised the local board by means of an SSS Form 103 ("Graduate or Professional College Student Certificate") that appellant would graduate in June, 1969.[4]
 
 
 7
 On December 8, 1968, the appellant sent a letter to the local board requesting a hardship deferment. On December 19, 1968, the board denied appellant's request and ordered him to report for induction on January 8, 1969.
 
 
 8
 On January 3, 1969, appellant requested a postponement of induction. On January 9, 1969, the board ordered him to report on February 18, 1969. On February 4, 1969, appellant sent a letter to the local board requesting a postponement of his induction until the summer of 1969. In the letter, appellant referred the board to his earlier letter of July 17, 1968 and further explained that, although his course of study was taking four years to complete, the delay was made necessary by unavoidable course requirements totalling ninety-six hours (thirty-two for the master's program itself, thirty-six for the provisional certificate, and twenty-eight for his history prerequisites). In a letter dated February 11, 1969, appellant augmented his request for a postponement with a request that he be granted a I-S(c) deferment (which would cancel, not merely postpone, the induction order) for the remainder of the school year.
 
 
 9
 On February 14, 1969, the local board postponed appellant's induction to allow the State Director an opportunity to review appellant's file. On April 9, 1969, appellant celebrated his twenty-sixth birthday. On July 17, 1969, petitioner was ordered to report for induction on August 20, 1969. Following a number of delays and further requests for deferment on hardship and medical grounds, appellant finally submitted to induction on August 25, 1969. He filed a petition for a writ of habeas corpus on October 24, 1969. It is from the dismissal of this petition that he appeals.
 
 
 10
 If appellant is correct in his assertion that he was entitled to a I-S(c) deferment when the induction order was initially issued, then his induction was invalid, since it would have been accomplished pursuant to an induction order which should have been cancelled rather than merely postponed.[5]
 
 
 11
 At oral argument the government withdrew its contention that appellant was barred from receiving a I-S(c) deferment by his receipt, after June 30, 1967, of a graduate II-S deferment. It is now clear that its earlier view of the law was incorrect. The relevant regulation is 32 C.F.R. § 1622.15, which reads in part:
 
 
 12
 (b) * * * no registrant shall be placed in Class I-S under the provisions of this paragraph
 
 
 13
 * * * * * *
 
 
 14
 (2) who has been deferred as a student in Class II-S and has received his baccalaureate degree.
 
 
 15
 Local Board Memorandum 87, issued by the Director of Selective Service on April 19, 1968 to clarify § 1622.15, read originally:
 
 
 16
 Section 1622-15(b) of the Selective Service Regulations refers to a registrant who has been placed in Class II-S after June, 1967, (i. e., under the new Act, effective July 1, 1967) and has a baccalaureate degree.
 
 
 17
 This Memorandum was amended, however, on September 24, 1970, following the filing of briefs in this case, to read as follows:
 
 
 18
 Section 1622.15(b) (2) of the Selective Service Regulations refers to a registrant who has been placed in Class II-S as an undergraduate after June 30, 1967, and has a baccalaureate degree." (Emphasis supplied)
 
 
 19
 Thus the Director has adopted the view of the majority of circuits which have ruled on this point[6] and has agreed that the receipt of a graduate II-S deferment after June 30, 1967 does not bar the subsequent receipt of a I-S(c) deferment. Appellant was therefore not barred from a I-S(c) classification on this ground.
 
 
 20
 Appellant's entitlement to a I-S(c) therefore turns on whether, at the time his induction order was issued, he was "satisfactorily pursuing a full-time course of instruction" within the meaning of Section 6(i) (2) of the Act (50 U.S.C.A. App. § 456(i) (2) ). The phrase "satisfactorily pursuing a full-time course of instruction" is not defined in the regulations as it relates to the I-S(c) defendant. The Government points out, however, that the same phrase is used as a requirement for the undergraduate II-S deferment in Section 6(h) (1) of the Act,[7] and that the phrase is defined, insofar as it relates to that deferment, in 32 C.F.R. § 1622.25:
 
 
 21
 (c) A student shall be deemed to be `satisfactorily pursuing a full-time course of instruction' when, during his academic year, he has earned, as a minimum, credits toward his degree which, when added to any credits earned during prior academic years, represent a proportion of the total number required to earn his degree at least equal to the proportion which the number of academic years completed bears to the normal number of years established by the school to obtain such degree. For example, a student pursuing a four-year course should have earned 25% of the credits required for his baccalaureate degree at the end of his first academic year, 50% at the end of his second academic year, and 75% at the end of his third academic year.
 
 
 22
 The Government asks us to impart the same interpretation to the phrase as it is used in Section 6(i) (2). We decline to do so.[8] Because of the differences between the I-S(c) and II-S deferments, we believe that the requirement of satisfactory pursuit of a full-time course of instruction must be interpreted differently for each of these classifications.
 
 
 23
 The formula in 32 C.F.R. § 1622.25(c), supra, is in large measure designed to prevent the "pyramiding" of II-S deferments by a student, over an extended number of years, in an attempt to reach his twenty-sixth birthday uninducted. Since a I-S(c) deferment is non-renewable, however, there is no risk of pyramiding involved. Furthermore, since the primary purpose of the I-S(c) is to prevent the waste in physical and financial resources involved in interrupting the work of a registrant who is engaged in full-time study during the academic year in which he is inducted, it is of no relevance that the registrant may or may not have completed a certain percentage of the units required for graduation in previous years, as required by 32 C.F.R. § 1622.25(c).
 
 
 24
 Finally, we must consider the effect of our holding upon the administration of the I-S(c) deferment as it pertains to undergraduate students.[9] An undergraduate may be granted a I-S(c) deferment only if he has received an induction order. He may receive an induction order only if he has been classified I-A. He may be classified I-A only if he is not "satisfactorily pursuing a full-time course of instruction." Assuming arguendo that the Government is correct in its interpretation of that phrase as it relates to both the II-S and I-S(c) deferments, let us consider the case of an undergraduate who has been reclassified I-A — as a result of his having failed to meet the requirement of satisfactory progress as interpreted in 32 C.F.R. § 1622.25, supra — and issued an induction order. If he were then to apply to his local board for a I-S(c) deferment, the Board would deny his request since, in reclassifying him I-A, it would have already determined that he was not "satisfactorily pursuing a full-time course of instruction," as that requirement is interpreted for both the II-S and I-S(c) deferments. This would necessarily be the fate of every undergraduate application for a I-S(c). Under the Government's theory of this case, therefore, an undergraduate would never qualify for a I-S(c) deferment. Since Congress intended no such result,[10] the phrase "satisfactorily pursuing a full-time course of instruction," when viewed as a requirement for a I-S(c) deferment, must be differently and more broadly interpreted. Walsh v. Local Board No. 10, 305 F.Supp. 1274 (S.D.N. Y.1969).
 
 
 25
 In light of the above considerations, we hold that a graduate student is "satisfactorily pursuing a full-time course of instruction" within the meaning of Section 6(i) (2) if he is engaged in a full-time program during the academic year in which he is inducted. Nestor v. Hershey, footnote 6, supra, 425 F.2d at 512; Waguespack v. Tarr, 317 F.Supp. 448 (E.D.La.1970). A Form 103 ("Graduate or Professional College Student Certificate") sent to the local board by the student's school during that academic year, certifying that the student has "entered upon a full-time course of instruction as a candidate for a graduate degree * * * and currently is meeting degree requirement," is prima facie proof that the student satisfies this requirement.
 
 
 26
 In the instant case the University of Buffalo sent the local board a Form 103 on September 19, 1968 certifying that appellant was engaged in a full-time program. There is no evidence in the appellant's Selective Service file tending to contradict that information. (Indeed, the Government has conceded throughout this litigation that appellant was a full-time student at the time of his induction. They have defended the board's determination on the ground that appellant was not making satisfactory progress toward a degree.[11]) There was therefore no basis in fact for the Board's refusal to classify appellant I-S(c) following the issuance of his induction order. Since the induction order would have been cancelled by the granting of a I-S(c) deferment, appellant's induction thereunder was invalid.
 
 
 27
 The order of the District Court, filed February 26, 1970, will be vacated, and the case will be remanded to the District Court, with an instruction to issue the writ of habeas corpus prayed for.
 
 
 
 Notes:
 
 
 [1]
 50 U.S.C.A. App. § 456(i) (2)
 
 
 [2]
 SSS Form 127
 
 
 [3]
 In September 1966, appellant learned that he would be required to take an additional three semesters of course work to compensate for his lack of an undergraduate background in social studies. This additional course work would earn him a "provisional certificate," without which, he was told, he would be unable to teach in New York
 Sometime before January 1968, appellant learned that, as a prerequisite of taking several higher level history courses which were part of the curriculum for the provisional certificate, he would first have to complete some lower level history courses. By June, 1968, appellant learned that "some lower level history courses" in fact meant a full-fledged undergraduate major in history. Theoretically, this added requirement would have delayed his graduation until June 1969, but he was hopeful that, by carrying a heavy load and obtaining a waiver of some of the hours, he could finish by January 1969.
 
 
 [4]
 The relevant portion of the form read:
 "(Henry A. Nowak) has entered upon a full-time course of instruction as a candidate for a graduate degree, which commenced on Sept. 1965, and currently is meeting degree requirements, and is expected to attain the degree of M. ED. in Education, on or about 6/69."
 
 
 [5]
 A reopening of appellant's classification and a reclassification as I-S(c) would have operated to cancel the induction order 32 C.F.R. § 1625.14
 There are substantial differences between cancellation and postponement of an induction order. If the order is merely postponed the registrant cannot thereafter qualify for a deferment unless he can show that there has been a change in his status "resulting from circumstances over which the registrant has no control." 32 C.F.R. § 1625.2. There is no such limitation in the absence of an outstanding induction order.
 Furthermore, an erroneous denial of a I-S(c) classification deprives the registrant of important procedural rights which would be his at the expiration of his I-S(c) status. Since his classification would have to be reopened at that time in order to reclassify him I-A, the registrant would be entitled to the full panoply of procedural safeguards which attend a reopening, including the right to a personal appearance (32 C.F.R. § 1624), the right to appeal his new classification to the state appeal board (32 C.F.R. § 1626), and the right to further appeal to the President (32 C.F.R. § 1627).
 It is therefore in no way crucial to the outcome of this case that appellant's induction was in fact postponed until past the end of the school year.
 
 
 [6]
 The majority view is reflected in Bowen v. Hershey, 410 F.2d 962 (1st Cir. 1969); Marsano v. Laird, 412 F.2d 65 (2d Cir. 1969); Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969); and Nestor v. Hershey, 425 F.2d 504 (D.C.Cir.1970). In the minority is Rich v. Hershey, 408 F.2d 944 (10th Cir. 1969)
 
 
 [7]
 50 U.S.C.A. App. § 456(h) (1)
 
 
 [8]
 We need not decide whether, if we were to follow the Government's suggestion in this regard, the local board would have had a basis in fact for denying appellant's request for a I-S(c) deferment
 
 
 [9]
 Although appellant is a graduate student, our holding as to the proper interpretation of "satisfactorily pursuing a full-time course of instruction" is clearly applicable to undergraduate and graduate students alike. The Act makes no distinction between the two as far as this requirement is concerned
 
 
 [10]
 Section 6(i) (2) which applies to students at a "college, university, or similar institution * * *," presumably includes undergraduates within its protection
 
 
 [11]
 At trial, Mr. Finnegan, Assistant United States Attorney, argued:
 * * * (T)here are two basic criteria for being given both 2-S and 1-S(c). You have to be making satisfactory, normal progress towards your end, and you have to be a full-time student. Now, the Government does not dispute that Mr. Nowak at all times had been a full-time student, but it is our contention that on the record prima facie he was not making satisfactory normal progress.