437 F.2d 889
 NORTHROP ARCHITECTURAL SYSTEMS, a corporation, Appellant,
v.
LUPTON MANUFACTURING CO., a corporation, Appellee.
NORTHROP ARCHITECTURAL SYSTEMS, a corporation, Appellant,
v.
UNITED STATES ALUMINUM CORPORATION, a corporation, and International Window Corp., a corporation, Appellees.
NORTHROP ARCHITECTURAL SYSTEMS, a corporation, Appellant,
v.
FULLVIEW INDUSTRIES, INC., a corporation, Appellee.
 No. 24341.
 No. 24802.
 No. 24803.
 United States Court of Appeals, Ninth Circuit.
 January 28, 1971.
 Rehearings Denied in Nos. 24341 and 24802 February 23, 1971.
 
 William Poms (argued), of Miketta, Glenny, Poms & Smith, Los Angeles, Cal., for appellant.
 Stanley Jones (argued), of Jackson & Jones, Pasadena, Cal., Fulwider, Patton, Rieber, Lee & Utecht, Long Beach, Cal., Herzig & Walsh, Beverly Hills, Cal., for Lupton Manufacturing Co.
 Hamer H. Jameson (argued), of Herzig & Walsh, Beverly Hills, Cal., Fulwider, Patton, Rieber, Lee & Utecht, Long Beach, Cal., for United States Aluminum Corp. and International Window Corp.
 Francis A. Utecht (argued), of Fulwider, Patton, Rieber, Lee & Utecht, Long Beach, Cal., Herzig & Walsh, Beverly Hills, Cal., for Fullview Industries, Inc.
 Before TUTTLE,* ELY and KILKENNY, Circuit Judges.
 PER CURIAM:
 
 
 1
 These appeals involve the validity of certain claims under United States Letters Patent No. 2,913,046 issued to appellant's predecessor, Arcadia Metal Products, for sliding closure doors employed in the construction of homes, apartments and other structures. After extensive pre-trial procedures, and consolidation for trial, the district judge declared the patent claims invalid for "obviousness" under 35 U.S.C. § 103 and entered summary judgments in favor of appellees.
 
 
 2
 Litigation is no stranger to the patent in suit. In 1962, appellant's predecessor successfully prosecuted an action against Bailey Kelleher for copying and infringing the patent in suit. The case was settled and dismissed prior to trial. In 1967, after a trial on the merits in the same district court from which these appeals are prosecuted, a different judge held that the claims here in question were valid and infringed by Texas Aluminum Company, Inc.
 
 
 3
 Despite the fact that counsel for the respective parties urge us to decide the instant case on the merits, our analysis of the record and of the contentions in the respective briefs convinces us that we cannot avoid passing upon the propriety of the granting of the summary judgments. At the outset, we are faced with the rule that a summary judgment is available only if there is no genuine issue of material fact involved. The question to be resolved on a motion for a summary judgment is whether there is sufficient evidence supporting the claimed factual dispute to require a judge or a jury to decide the truth of the different versions in a trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); McGuire v. Columbia Broadcasting System, Inc., 399 F.2d 902, 905 (9th Cir. 1968); Industrial Building Materials, Inc. v. Interchemical Corp., 437 F.2d 1336 (9th Cir., Nov. 23, 1970). Appellees, as the moving parties, had the burden of showing the absence of a genuine issue of any material fact and for these purposes the evidence they produced must be viewed in the light most favorable to the appellant. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L. Ed.2d 142 (1970).
 
 
 4
 While the issue of patent validity is ultimately one of law, Great A. & P. Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 155, 71 S.Ct. 127, 95 L.Ed. 162 (1950); Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), in order to determine that issue under the requirements of 35 U.S.C. § 103, the trier of the facts must inquire into several basic factual questions. He must resolve: (1) the scope and content of the prior art; (2) the differences, if any, between the prior art and the claims at issue; and (3) the level of ordinary skill in the pertinent art. Graham v. John Deere Co., supra, p. 17, 86 S.Ct. 684. Such secondary considerations as commercial success, long felt but unsolved needs, and the failure of others may be utilized to illuminate the circumstances surrounding the origin of the subject matter of the challenged patent. Id., pp. 17-18, 86 S.Ct. 684. In this factual atmosphere, therefore, the obviousness or non-obviousness of the patent in suit must be resolved.
 
 
 5
 The opinions of the appellant's experts, if believed, would require a finding that the subject matter of the disputed claims, considered as a whole, would not have been obvious at the time of the invention to a person having an ordinary skill in the sliding door construction art. At a minimum, there is sufficient evidence in the affidavits presented by the expert witnesses for the appellant to cast serious doubt on the "obviousness" of appellant's patent claims. Much of the evidence presented by the appellees, however, tends to point in the opposite direction. Thus, there exists an issue of material fact. The issue of infringement raised in the Lupton appeal is in the same posture.
 
 
 6
 That an expert's opinion on the highly technical issues of obviousness and infringement is of significant value to the trier of the facts is the law of this circuit. Continental Connector Corp. v. Houston Fearless Corp., 350 F. 2d 183 (9th Cir. 1965). A determination of which expert is the more credible will not be disturbed on appeal, for it is not the function of the appellate court to reevaluate conflicting expert testimony. Continental Connector Corp. v. Houston Fearless Corp., supra, p. 190; Carborundum Co. v. Wilbanks, Inc., 420 F.2d 43, 49 (9th Cir. 1969). The rule of evidence that an expert may express an opinion on a subject even though the opinion embraces an ultimate issue to be decided by the trier of the facts, has long been recognized. This precept of evidence has now been codified in Rule 7-04 of the Rules of Evidence for the United States Courts and Magistrates, which have been approved by the Judicial Conference of the United States and are now pending before the United States Supreme Court for transmittal to the Congress.
 
 
 7
 The summary judgments are set aside and the cause remanded to the district court for trial on the questions of validity of the subject patent claims, infringement, if any, estoppel, and such other issues as may be properly raised.
 
 
 
 Notes:
 
 
 *
 The Honorable Elbert Parr Tuttle, Senior Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation