UNITED STATES of America ex rel.
Marc A. MULFORD, Petitioner,

v.

COMMANDING OFFICER, ARMED
FORCES ENTRANCE AND EXAMIN-
ING STATION, FORT HAMILTON, N.
Y. and Local Board No. 1, Respondents.

No. 71-C-302.

United States District Court,
E. D. New York.

April 29, 1971.

Kunstler, Kunstler & Hyman, New York City, by S. J. Hyman, New York City, for petitioner.

Robert A. Morse, U. S. Atty., E. D. N. Y., Mary Maguire, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendants.

*Memorandum of Decision and Order*

MISHLER, Chief Judge.

Petitioner claims he was inducted into the United States Army unlawfully on March 18, 1971.[1] He seeks a writ of habeas corpus from custody by respondent. The petition alleges that Local Board No. 1, where petitioner was registered, issued the order of induction after illegally classifying him 1–A. Two specific grounds are stated to support the claim of illegality:

1. The denial of a II–S classification for the period ending December, 1970; and

2. The failure and refusal to classify petitioner as a conscientious objector.

The facts are not in dispute. Petitioner entered State University of New York at Brockport in 1966 as a regular full time student majoring in Physical Education. The University offered a four year course for a degree in Health and Physical Education. Petitioner satisfactorily pursued the course of instruction and expected to graduate in June, 1970. During this period to June, 1970, he was granted a II–S deferment pursuant to 32 C.F.R. § 1622.25 promulgated pursuant to 50 App.U.S.C. § 456(h) (1). The regulation requires the registrant to submit evidence each year. ". . . that he is satisfactorily pur-

suing a full time course of instruction at a college, university or similar institution of learning." [C.F.R. § 1622.25 (c)]. A "Student Certificate" dated September 13, 1969 was submitted by the Registrar of the State University stating that petitioner was "expected to receive a degree on or about June, 1970."

On July 22, 1970, petitioner was classified 1–A. A "Notice of Classification" and "Advice of Right to Personal Appearance and Appeal" were mailed to petitioner on July 23, 1970.[2] On August 3, 1970, petitioner wrote the Board requesting reclassification to II–S or I–S(C) until December, 1970, since the course had been extended to December, 1970, at which time he would get his degree. This was supported by a letter from the Dean of Students which attributed the delay in completing the course to administrative changes which required certain alterations in the curriculum and additional courses. The record does not disclose when the change in curriculum was made or when plaintiff became aware of it, nor is any reason given for not advising the Board of a change in circumstances before August 3, 1970.[3] Petitioner's letter was apparently intended as a request for reconsideration of the classification as provided in 32 C.F.R. § 1625.2.[4] The Executive Secretary of the Board forwarded the file to the Appeal Board on October 28, 1970. On December 8, 1970, the Appeal Board unanimously upheld the Local Board, affirming the 1–A classification.

On December 29, 1970, the Board mailed the plaintiff a Notice of Classification advising plaintiff that the 1–A classification of July, 1970 was contin-

---

1. The petition was executed in anticipation of induction and filed immediately upon induction.

2. The notice advised the plaintiff that the reverse side of the classification prescribed the right to a personal appearance or appeal within 30 days from the date of mailing.

3. 32 C.F.R. § 1625.1 states:
   (a) No classification is permanent.

(b) Each classified registrant and each person who has filed a request for registrant's deferment shall, within 10 days after it occurs, report to the local board in writing any fact which might result in the registrant being placed in a different classification. . . .

4. The entry in the registrant's file reads: "8/6/70 received 231's [sic] & letter from reg. (appeal)"

ued. At the same time, the Board mailed an order to report for induction on January 12, 1971.

On January 8, 1971, plaintiff hand delivered a letter to the Board stating that he believed all wars to be morally wrong and requesting conscientious objector status. At his request, the Clerk gave plaintiff a questionnaire form (S.S. 150) for conscientious objector status. Plaintiff's induction was postponed on the basis of his claim. On January 29, 1971, plaintiff hand delivered the questionnaire to the Board with a seven page typewritten statement attached. The statement relates the development of petitioner's moral convictions from basic religious teachings through personal experiences, study and analysis. He states that in expectation of reclassification to II–S during the period July, 1970 to December, 1970, his thoughts about war in general were amorphous. However, upon receiving the order to report for induction he states: ". . . I was face to face with the very monster I had been fighting against all along. As I put everything together in my mind and as I searched my conscience, I came to the realization that nothing was worth killing for in any war at any given time or place." Plaintiff further stated that he refused to aid the armed forces in any capacity as it violated his moral precepts; he offered to accept civilian work.[5]

Two letters asserting plaintiff's sincerity and corroborating his conscientious objector claim were thereafter mailed to the Board.

The Board granted a discretionary interview on February 18, 1971. Plaintiff submitted a letter in which he claimed the Board was in error in retaining him in 1–A for the period ending December, 1970, while he was attending college as a full time student, thus explaining the late crystallization of beliefs which would entitle him to conscientious objector status and classification. The Board determined that the "[r]egistrant's convictions are basically political and his moral convictions are expedient. . . . The registrant's classification was not reopened."[6]

■ Section 10(b) (3) of the Military Selective Service Act of 1967, 81 Stat. 100, 50 U.S.C. App. § 460(b) (3) provides that

> No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction. . . .

Oestereich v. Selective Service System Local Bd., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) and Breen v. Selective Service Local Bd., 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970) carved out an exception where the claim is based on a violation of the Board's own regulations. That is the claim here. The court has subject matter jurisdiction. Bucher v. Selective Service System, Local Boards Nos. 2, etc., 421 F.2d 24 (3d Cir. 1970); Piendak v. Local Board No. 5, 318 F.Supp. 1393 (W. D.Pa.1970); Shea v. Mitchell, 137 U.S. App.D.C. 227, 421 F.2d 1162 (1970); Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969). See also, Bowen v. Hershey, 410 F.2d 962 (1st Cir. 1969); Edwards v. Local Board No. 58, 313 F.Supp. 650

---

5. 32 C.F.R. § 1623.8 provides for a register of conscientious objectors. The register shall

show separately those registrants who have been classified in Class I–A–O as available for noncombatant military service and those who have been classi-

fied in Class I–O as available for civilian work contributing to the maintenance of the national health, safety, or interest.

6. Selective Service System NY Form 7, dated Mar. 1, 1971.

(E.D.Pa.1970); Gregory v. Hershey, 311 F.Supp. 1 (E.D.Mich.1969).

Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (April 21, 1971) bars review of a claim for conscientious objector status made after mailing of a valid induction notice. The validity of the induction notice turns on the consequences of the failure of the local board to reconsider plaintiff's classification.

The right to student deferment is expressly defined in Section 6(h) (1) of the Selective Service Act of 1967 [50 U. S.C. App. § 456(h) (1)]. It is there stated:

> Except as otherwise provided in this paragraph, the President shall, under such rules and regulations as he may prescribe, provide for the deferment from training and service in the Armed Forces of persons satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning and who request such deferment. A deferment granted to any person under authority of the preceding sentence shall continue until such person completes the requirements for his baccalaureate degree, fails to pursue satisfactorily a full-time course of instruction, or attains the twenty-fourth anniversary of the date of his birth, whichever first occurs.

█ The regulations promulgated pursuant to the Act cannot impair the right to student deferment. "The reference to 'rules and regulations' is clearly intended only to authorize such additional administrative procedures as the President may find necessary to insure that all qualified students are given the deferment that Congress provided in § 6." Breen v. Selective Service Loc. Bd. No. 16, Bridgeport, Conn., 396 U.S. 460, 464, 90 S.Ct. 661, 664, 24 L.Ed.2d 653 (1970). Student deferment is not discretionary with the local board. United States v. Feldman, 437 F.2d 889 (9th Cir. 1971).

32 C.F.R. § 1622.25 prescribes the conditions for obtaining and retaining a II–S classification. Paragraph (a) substantially repeats the quoted portion of § 6 of the Act. Paragraph (c) provides:

> A student shall be deemed to be "satisfactorily pursuing a full-time course of instruction" when, during his academic year, he has earned, as a minimum, credits toward his degree which, when added to any credits earned during prior academic years, represent a proportion of the total number required to earn his degree at least equal to the proportion which the number of academic years completed bears to the normal number of years established by the school to obtain such degree. For example, a student pursuing a four-year course should have earned 25% of the credits required for his baccalaureate degree at the end of his first academic year, 50% at the end of his second academic year, and 75% at the end of his third academic year.

█ This subparagraph prescribed the conditions for retaining a II–S classification in the usual four year undergraduate course. It was not intended to deny student deferment where the undergraduate program did not conform to the conventional four years. Coleman v. Tolson, 435 F.2d 1062 (4th Cir. 1970); Nowak v. Collins, 437 F.2d 1303 (3d Cir. 1971).

█ 32 C.F.R. § 1625.1 provides that "No classification is permanent" and, further, that every registrant is required to report any fact ". . . that might result in the registrant being placed in a different classification such as, but not limited to, any change in his occupational, marital, military, or dependency status, or in his physical condition."

32 C.F.R. § 1625.2 is phrased in permissive language. It states:

> "The local board may reopen and consider anew the classification of a registrant. . . ."

However, ". . . where the registrant has set out new facts that establish a prima facie case for a new classification, a board must reopen to determine whether he is entitled to that classification." Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 1770–1771, 26 L.Ed. 2d 362 (1970). The failure of the local board to reopen and consider anew plaintiff's classification was an abuse of discretion.

██ The right to a II–S classification is not mooted by plaintiff's graduation. It is true that he would not now be entitled to that deferment. It is also true that when reopened the classification has ". . . the effect of a new and original classification even though the registrant is again placed in the class he was in before his classification was reopened." 32 C.F.R. § 1625.11. The failure to reclassify petitioner denied him the right to submit other information which may have entitled him to a deferment based on occupational, marital or other grounds not within the exception found in 32 C.F.R. § 1625.2.[7] In the light of *Ehlert*, the denial was significant since the conscientious objector claim could not then be considered by the board.

The petitioner was wrongfully deprived of an essential procedural right. Mulloy v. United States, 90 S.Ct. at 1770; Marsano v. Laird, 412 F.2d 65 (2d Cir. 1969); Nestor v. Hershey, 138 U.S.App.D.C. 73, 425 F.2d 504 (1969); United States v. Zablen, 436 F.2d 1075 (9th Cir. 1971).

Respondents are directed to release petitioner from custody. The order of induction is vacated. Respondent Local Board No. 1 is directed to issue a classification to petitioner in accordance with the regulations and the petitioner shall have all the administrative rights provided by the regulations as if such classification were new and original as provided by 32 C.F.R. § 1625.11. It is

So ordered.

---

7. The exception states
    . . . provided . . . the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.