**UNITED STATES of America,
Appellee,**

v.

**Terrence Alan PICKETT, Appellant.**

**No. 71–1560.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1972.

Decided June 8, 1972.

Stanley D. Rostov, Kansas City, Mo., for appellant.

Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Terrence Alan Pickett appeals from his conviction for refusing induction into the Armed Forces of the United States in violation of 50 App. U.S.C. § 462 (1968). Trial by jury was waived and upon a verdict of guilty Pickett was sentenced to three years imprisonment.

Pickett had been deferred under a II–S deferment for his first year of graduate study during the 1967–68 academic year. He was reclassified I–A (available for military service) in August, 1968, and was mailed an order to report for induction in March 1969, during his second year of graduate study. Upon notice of Pickett's academic status the Local Board *postponed* Pickett's date of induction rather than reclassifying Pickett I–S (student deferred by statute) as directed in 50 App. § 456(i) (2) [1] and the

1. The statute provides in pertinent part: Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, shall, upon the facts

applicable Selective Service regulations.[2] Subsequently, the Local Board refused to consider Pickett's requests for a II–A (occupational deferment) and a I–O (conscientious objector) classification, refusing to reopen his Selective Service file. See Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).[3]

At issue, therefore, is whether Pickett was improperly denied the I–S classification deferring him until the end of the academic year. This much discussed problem involving the I–S deferment and the second year graduate student has been before the First, Second, Third, Seventh, Tenth and the D. C. Circuits,[4] all of whom save the Tenth[5] holding under virtually identical circumstances such as now before us that the registrant clearly was entitled to be reclassified I–S and to have his induction order cancelled. We agree. The language of the statute is plain and we view none of the provisos included therein as depriving Pickett of this deferment. Ad-

ditionally, it is clear that by a 1970 amendment to a Local Board Memorandum interpreting Regulation § 1622.15 (b), the Director of Selective Service has now adopted an interpretation of the regulation in accord with the majority Circuit holdings and which entitled Pickett to the deferment. Nowak v. Collins, supra, 437 F.2d at 1306–1307.

The Local Board was required by the statute to defer Pickett's induction until the end of the 1968–69 academic year. It also was required by regulation to classify Pickett I–S. Since under § 1625.14 of the regulations, such reclassification automatically cancels any outstanding order to report for induction, it necessarily follows that the induction order upon which the conviction is based was invalid, and that Pickett had been deprived of his procedural and substantive rights. Nowak, supra, 437 F.2d at 1306; Nestor, supra, 425 F.2d at 509 and United States v. Rundle, 413 F.2d 329, 332–333 (CA 8 1969).

Reversed.[6]

being presented to the local board, be *deferred* (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier: * * * (Emphasis added).

2. 32 C.F.R. §§ 1622.15(b) and 1625.14 (1971). Section 1622.15 was removed in 1971.

3. Ehlert upheld 32 C.F.R. § 1625.2 (1972) which provides in pertinent part: * * * [T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction . . . unless the local board first specifically finds there has been a change in the registrant's status resulting from circum-

stances over which the registrant had no control.

4. Nowak v. Collins, 437 F.2d 1303 (CA 3 1971) ; Nestor v. Hershey, 138 U.S.App. D.C. 73, 425 F.2d 504 (1969) ; Marsano v. Laird, 412 F.2d 65 (CA 2 1969) ; Bowen v. Hershey, 410 F.2d 962 (CA 1 1969) ; Crane v. Hershey, 410 F.2d 966 (CA 1 1969) and Foley v. Hershey, 409 F.2d 827 (CA 7 1969).

5. Rich v. Hershey, 408 F.2d 944 (CA 10 1969).

6. In 1971 Congress amended the statute to authorize local boards to merely *postpone* the induction of students until the end of the current academic semester or term. Accordingly, § 1622.15 of the Regulations and the I–S classification have been eliminated.